Nov. Term,
1824.

PALMER
v.
HUGHES.

---

### PALMER and Wife v. HUGHES.

If a promissory note be payable at a particular place, the declaration, in an action against the maker, must aver a demand of payment at that place; and the averment must be proved at the trial.

The demand, in such a case, need not be shown to have been made on the precise day on which the note fell due; but it should appear to have been made before the commencement of the suit.

A scire facias on a mortgage, given to secure the payment of a note payable Nov. Term, at a particular place, must contain the same averment of a demand at the **1824.** place, that a declaration should in an action on the note.

PALMER
v.
HUGHES.

ERROR to the *Clark* Circuit Court.—*Hughes* was the plaintiff in the Circuit Court, and *Palmer* and wife the defendants.

*Wednesday, November 17.*

BLACKFORD, J.—Scire facias on a mortgage. General demurrer, and judgment for the plaintiff below. It appears in the scire facias that the note, for the payment of which the mortgage was given, was payable at the *Louisville* branch bank; but it is not shown that the money had been at any time demanded there: and that is the error assigned.

With regard to promissory notes payable at a particular place, the law is very well settled that the place of payment is a substantial part of the contract; that before suit brought a demand of payment must be there made; and that such demand must be averred in the declaration, and proved at the trial. *Sanderson v. Bowes,* 14 East, 500.—*Gilly v. Springer, May* term, 1823 (1). The same doctrine is now established as to bills of exchange with acceptances to pay at a particular place. *Rowe v. Young,* 2 Brod. & Bing. 165. In the case before us, the scire facias should show that the mortgagor had broken his contract to pay; and, as to that, we conceive the same certainty necessary in this scire facias, that the law requires in a declaration on such a note as that described in the mortgage. The contract here was, that the mortgagor would pay the note at the *Louisville* branch bank. He cannot be said to have broken that contract, unless it be shown that a demand of payment was there made; because the place is of the essence of the contract (2). To be sure, presentment at the place, on the very day on which the note was due, need not be alleged; but it should be averred that such presentment was made on some day before the commencement of the suit (3). The scire facias under consideration contains no averment of that kind, and is therefore substantially defective.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Nelson* and *Howk,* for the plaintiffs.
*Dewey* and *Farnham,* for the defendant.

(1) Ante, p. 257.

(2) This subject has occasioned several conflicting decisions, which have generally turned on the question, whether a demand at the place is a condi-

42

Nov. Term,
1824.

tion precedent to the plaintiff's right of recovery; or whether the defendant should not be left to plead a readiness to pay at the place in bar of the damages and costs—bringing the money into Court, as in the case of a plea of tender. Opinions contrary to that in the text will be found in *Wolcott* v. *Van Santvoord*, 17 Johns. R. 248.—*Carley* v. *Vance*, 17 Mass. 389.—*Bank of Kentucky* v. *Hickey*, 4 Litt. 225. And the Supreme Court of the *United States*, while it considers a demand at the place indispensable to charge the indorser of a note, intimates an opinion that the law is otherwise as respects either the maker of a note or the acceptor of a bill. *U. S. Bank* v. *Smith*, 11 Wheat. 174, 5, 6. The cases, however, of *Sanderson* v. *Bowes* and *Rowe* v. *Young*, referred to in the text, are of very high authority; and directly support the opinions in favour of which they are cited. That of *Rowe* v. *Young* was decided on error by the House of Lords; and all the previous cases in the *English* Courts, touching the question, are there examined. Since that decision, a change has been made in the *English* law as to acceptances. By the statute 1 & 2 Geo. 4, if a person shall accept a bill payable at the house of a banker, or other place, without further expression in his acceptance, it shall be taken to be a general acceptance; but if the acceptor shall in his acceptance (which by sec. 2 must be in writing on the back of the bill) express that he accepts it at a banker's, or other place, and not otherwise or elsewhere, such acceptance shall be taken to be a special acceptance. 2 Stark. Ev. 237.

(3) It is no defence to an action against the acceptor of a bill, accepted payable at a particular place, that it was not presented there when due, nor for some days afterwards; no inconvenience having resulted to the acceptor from the delay. *Rhodes* v. *Gent*, 5 Barn. & Ald. 244.