Mr. Justi.ee FIELD,
 

 after stating the ease, delivered the opinion of the court, as follows :
 

 The- defendants claim that they are entitled ,to have the amounts they deposited, at the Farmers’ Bank -in Alexandria, credited to them on the bonds in suit, and allowed as a set-off to the demand of the plaintiff. They make this claim' upon these grounds: that by the provision in the bonds, making them payable-at the Farmers*'!Bank, the parties contracted that the bonds should be deposited there for collection either before or at maturity; that the bank ■was thereby constituted, whether the instruments were or were not deposited with it, the agent of the plaintiff- for their collections and that as such agent it; could receive in payment, equally with gold and silver, the notes.of any banks, whethér circulating at par or below par, and' discharge the obligors.
 

 1 We do not state these grounds in the precise language of comise), but we'state them substantially.
 

 It is undoubtedly true that the designation of the place of payment in the bonds, imported a stipulation that their holder should have them at the bank, when due, to receive payment, and that the. obligors would'produce there the
 
 *451
 
 funds to pay them. It was inserted for the mutual convenience of the parties. And it is the general usage in such cases for the holder of the instrument to lodge it with the bank for collection, and the party bound for its payment can call there and take it up. If the instrument be not there lodged, and the obligor is there at its maturity with the necessary funds to pay it, he so far satisfies the contract that he cannot be made responsible for any future damages, either as costs of suit or interest, for delay. When the instrument is lodged with the bank for collection, the bank' becomes the agent of the payee or obligee to receive payment. The agency extends no further, and without special' authority an agent can only receive payment of the debt due his principal in the legal currency of the country, or in bills which pass as money at their par value by the common consent of the community. In the case at bar only one bond was deposited with the Farmers’’ Bank. That institution, therefore, was only agent of the payee for its collection. It had no authority to receive payment of the other bonds for him or on his account. Whatever it may have received from the obligors to be applied on the other bonds, it received as their agent, not as the agent of the obligee. If the notes have depreciated since in its possession, the loss must be adjusted between the bank and the depositors; it cannot fall upon the holder of the bonds.
 

 But even as agent of the payee of the first bond, the bank ■was not. authorized to. receive in its payment depreciated notes of the banks of Virginia. The act that those notes constituted the principal currency in which the ordinary transactions of business were conducted in Alexandria, cannot alter the Ikw. The notes were not a legal tender for the debt, nor could they have been sold for the amount due in legal currency. The doctrine that bank bills are a good tender, unless objected to at the time, on the ground that they arc not money, only applies to current bills, which are redeemed at the counter of the bank on presentation, and pass at par value jn business transactions at the place where offered. Notes not thus current at their par value, nor re
 
 *452
 
 deemable on presentation, are not a good tender to principal or/agent, whether they are objected to at the time or not.
 

 In
 
 Ontario Bank
 
 v. Lightbody,
 
 *
 
 it was held- that the payment-of a check in the bill of a bank which- had previously suspended was not a satisfaction of the debt, though tfye suspension was unknown by either of the parties, and the bill was current at the time, the court observing that the bills, of banks could only be considered and treated as money so long as they are redeemed by the bank in specie.
 

 That the power of a collecting agent by the general law is limited to receiving for the debt of his principal that which the law declares to'be a legal tender, or.Which, is-by common consent considered and treated as money, and passes .as such at par, is established by all the authorities. The only condition they impose upon' the principal, if anything else - is received by his agent, is, that he shall inform the debtor that he refuses to sanction the unauthorized transaction within a reasonable period after it is brought to his knowledge.
 
 †
 

 The objection that the bonds did not draw interest pending the civil’ wards not tenable. The defendant Ward, who purchased the -land, was the principal debtor, and he resided within the lines of the Union forces, and the bonds were there; payable. It is not necessary to consider here whether the rule'that interest is not recoverable on debts between alien enemies, during war of their respective countries, is applicable to debts between citizens of States in rebellion and citizens of States adhering to the National government in' the late civil war. That rule can only apply when the money, is to be paid to' the belligerent directly. When an agent appointed to receive the money resides within the same, jurisdiction with the debtor, the latter cannot justify his refusal to pay the demand, and, of course, the interest which-it bears. It does not follow that the agent, if he re
 
 *453
 
 ceive the money, will violate the law by remitting it to his alien principal. “ The rule,” says Mr. Justice Washington, in
 
 Conn
 
 v.
 
 Penn,
 
 “ can never apply in cases where the creditor, although a subject of the enemy, remains in the country of the debtor, or has a known agent there authorized to receive • the debt, because the payment to such creditor or his agent could in no respect be construed into a violation of the duties imposed by a state Of war upon the debtor. The payment in such cases is not made to an enemy, and it is no objection that the agent may possibly'remit the money to his principal. If he should do so, the offence is imputable to him, and not to the person paying him the money.”
 
 *
 
 Nor can the rule apply when one of several joint debtors resides within the same country with the creditor, or with the known agent of the creditor. It was so held in
 
 Paul
 
 v.
 
 Christie.
 

 †
 

 Here- the principal debtor resided, and the agent of the creditor for the collection of the first bond was situated within the Federal lines and jurisdiction. No rule respecting intercourse with the enemy could apply as between Marbwry, the cashier of the bank at Alexandria, and Ward, the principal debtor residing at the same place.
 

 The principal debtor being within the Union lines could have protected himself against the running of interest on the other two bonds, by attending on their maturity at the bank, where they were made payable, with the funds necessary to pay them. If the creditor within the Confederate lines had not in that event an agent present to receive payment and surrender the bonds, he would have lost the right to claim subsequent interest.
 

 Judgment affirmed.
 

 *
 

 3 Wendell, 105.
 

 †
 

 Story on Promissory Notes, § 115, 389; Graydon
 
 v.
 
 Patterson, 13 Iowa, 256; Ward
 
 v.
 
 Evans, 2 Lord Raymond, 930; Howard
 
 v.
 
 Chapman,
 
 4
 
 Carrington & Payne, 508.
 

 *
 

 1 Peters’s Circuit Court, 496; Denniston
 
 v.
 
 Imbrie, 3 Washington do. 396.
 

 †
 

 4 Harris and McHenry, 161.