Nicholson, C. J.,
delivered the opinion of the Court.
Plaintiffs sued the defendants on two promissory notes, and upon the trial of the cause in the Circuit Court of Dyer county, the parties agreed to the following facts:
On the 3d day of March, 1860, defendants executed their note for the sum of $736.25, payable in six months after date to the order of Leon Berg & Co.; also on the 8th day of September, 1860, their other note for $838.25, due and payable six months after date to the order of Leon Berg & Ob.
Leon Berg & Co. are, and were at the time, residents of Pennsylvania, the defendants of Tennessee. On the 12th. of January, • 1864, Mr. J. Davis, a citizen of Tennessee, became the owner of said notes by purchase from said Leon Berg & Co., and the same were transferred to him by delivery, and he, on the 8th of January, 1867, instituted suit thereon.
It is also agreed that defendant tendered in court, with their plea of tender, an amount suffi *697 cient to coyer the debt and interest, provided that interest did not accumulate .during the -war.
If the court is of opinion that interest accumulated during the period of the war, judgment will be rendered for the debt and interest to the present time. If of the opinion that interest did not accumulate during the war, judgment will be rendered for the debt and interest to the commencement of the war, and since its close up to the time of the tender in court.
It is- further agreed that in January, 1864, at the time plaintiff purchased the notes from Leon Berg & Co., the Federal forces had possession of West Tennessee, including Dyer county, and that trade was carried on between the two sections (United States and Confederate) by virtue of permits, granted by Post Commanders of Federal posts.
Upon the facts agreed on, the Circuit Judge decided that the notes bore interest during the war, and judgment was given accordingly.
From this judgment the defendants below have appealed in error to this court.
The single question presented by these facts, is, whether notes given before the war bore interest during the pendency of the war, as between parties residing on opposite sides of the line dividing the belligerents.
It is the settled law that a state of war between two countries interposes an absolute interruption and interdiction of all commercial corrospon- *698 dence, intercourse and dealing between the subjects or citizens of the two countries:
Upon this ground the rule is now generally, .if not universally, recognized, that all contracts made between citizens of different countries, which are at war with each other, are utterly void: Story on Promissory Dotes, § 94; 1 Kent, 66. The sale and transfer of the notes by Leon Berg & Co. to Davis, on the 1st of January, 1864, were therefore void, and communicated no title to him, and any payment of the notes or interest to Davis by the defendants during the war would have been no protection to them.
But the rule is different as to contracts made between citizens of different countries • in a time of peace. A subsequent war between the countries does not avoid or extinguish those contracts, but only suspends the right to enforce them in the belligerent countries, by reason of the personal disability of alien enemies to sue or be sued. As soon, however, as peace is restored, the right revives, and these contracts retain or re-acquire all their original obligation: Story on Promissory Dotes, § 94.
It follows, that although Davis acquired no title to the notes by his purchase, yet, after peace was restored, Leon Berg & Oo. had the right to enforce the notes, either for themselves or for the use of Davis. The case, therefore, is in no way affected or altered by the fact that Davis, a citizen of Tennessee, became possessed of the notes before the close *699 of the war. The question as to the liability of the defendants for interest during the war is not affected by this fact in the case.
The doctrine is too well established to need the citation of authorities, that interest is not recoverable on debts between alien enemies during war of their respective countries, when the two countries are independent nations. In the case of Ward v. Smith, 7 Wall., 447, Justice Field waived the question whether this rule is applicable to debts between citizens of States in rebellion and citizens of States adhering to the national government, in the late civil war. . That was a ease between citizens of the belligerent sections, but the decision was rested upon the facts that the principal debtor resided, and the agent of the creditor for the collection of the bond was situated, within the Federal lines and jurisdiction. It was held, that so situated, no rule respecting intercourse with the enemy could apply as between the agent of the creditors and the principal debtor, and for that reason it was determined that in that case interest was recoverable.
This ease was decided mainly upon .the authority of Conn v. Penn, 1 Peters Cir. Ct., 496, and Paul v. Christie, 4 Harris & McHenry, 161, in which latter case it was held that the general rule against the recovery of interest does not apply, when one of several joint debtors resides within the same country with the creditors, or with the known agent of the creditor.
With these two exceptions the case of Ward v. *700 Smith leaves the general rule as to a case in which the debtor and creditor reside in countries at war in force.
The question still recurs, however, is that rule applicable to a case in which one portion of the country is engaged in a civil war with the national government? In the case of Bigler v. Waller, before the U. S. Circuit Court for Virginia, decided at September Term, 1870, Chief Justice Chase, in referring to the case of Ward v. Smith, said: “That while it was held that under the circumstances of that particular case interest did not cease, the opinion of the court was put upon circumstances creating an exception to the general rule, that interest does not accrue during war between citizens or subjects of belligerent States. The general rule was neither affirmed nor denied; but it may not be unreasonably inferred from the language of the court, that if the direct question presented by this case were before that tribunal, it would be resolved in favor of the maker of the bond.” That is, that the maker of the bond, living in a loyal State, and the creditor in a rebel State, the rule that interest is not recoverable during the war was not applicable, and he so held.
This decision, as well as the case of Ward v. Smith, is wholly irreconcilable with the opinion delivered by Chief Justice Chase in the case of Shortridge v. Mason. That case was decided in 1867, in the U. S. Circuit Court for Uorth Carolina. The main question in the case was, whether a *701 citizen of a loyal State could enforce payment against a citizen of a rebel 'State of a debt which the Confederate government had sequestrated, and forced the debtor to pay into the Confederate treasury, and incidentally whether the debt would bear interest during the war. That his conclusion as to the interest was not well considered, he has virtually conceded, in his opinion in the case of Bigler v. Waller, decided three years afterwards, which in effect overrules the ease of Shortridge v. Mason.
Upon the agreed state of facts, . therefore, we hold that the defendants in the suit below were not liable for interest from the beginning to the close of the war. In the ease of Bigler v. Waller, Chief Justice Chase held that the war commenced on the 12th of April, 1861, and that it ended on the 26th of May, 1865. For. the purposes of calculation of interest, these dates will be adopted. The judgment below is reversed, and a judgment rendered here in accordance with this opinion.