Glatt *v.* Fortman *et al.*

Filed Oct. 18, 1889.

No. 13,957.

## GLATT *v.* FORTMAN ET AL.

PROMISSORY NOTE.—*Payable in Bank.*—*Bank not the Agent of Payee.*—*Insolvency of Bank.*—Where the makers of a note made payable at a designated bank, on the date of its becoming due, pay to the bank both the principal and interest of the note, with the direction that it be applied to its payment, and the bank afterwards becomes insolvent, they are not discharged; for the designation of a bank as the place of payment does not authorize a deposit at the payee's risk, when, as under section 368, R. S. 1881, the payee is not bound to present the note for payment at the designated place to charge the maker, and the bank is not deemed the agent of the payee.

From the Jennings Circuit Court.

Glatt *v.* Fortman *et al.*

*A. G. Smith,* for appellant.

*J. Overmyer* and *F. E. Little,* for appellees.

ELLIOTT, C. J.—The appellant's complaint is founded on a promissory note executed by the appellees. The note contains a provision making it payable at the Jennings County Bank. The answer alleges that on the day the note became due the appellees paid to the bank the principal and interest of the note, and directed that it be applied to its payment; that, at the time the money was placed in the bank the appellees did not know who the holders of the note were, and that long after the money was deposited the bank became insolvent.

The answer must be adjudged bad. We have a statute which reads thus: "In any action or defence, founded upon a bill or note, or other contract for the payment of money at a particular place, it shall not be necessary to prove or aver a demand at the place, but the opposite party may show a readiness to pay such demand at the proper place." Section 368, R. S. 1881.

The effect of this statute is to overthrow the rule sanctioned in *Palmer* v. *Hughes,* 1 Blackf. 328, and with the fall of that rule fell the right of the maker of a promissory note, payable at a particular bank, to discharge the obligation by depositing the money in the bank for the benefit of the payee. As the law provides that the holder is not bound to present the note to the bank for payment in order to charge the maker, it necessarily follows that money deposited in the bank can not be deemed to be deposited with the payee's agent. It is not placed there at his risk, but at the risk of the payor. The readiness to pay at the place designated constitutes a defence, if properly followed up, but the deposit of the money for the payee does not discharge the maker of the note. The obligation remains in force until payment is made to the payee or his agent, and unless the note is in the

hands of the bank it is not the payee's agent. *Wallace* v. *McConnell*, 13 Peters, 131 ; *Ward* v. *Smith*, 7 Wall. 447 ; *Brabston* v. *Gibson*, 9 How. 263 ; *Adams* v. *Hackensack Improvement Commission*, 44 N. J. Law, 638 ; *Williamsport, etc., Co.* v. *Pinkerton*, 95 Pa. St. 62.

The law is a factor in every contract, and it enters into the contract before us, and relieves the payee of the note from the duty of presenting it at the place of payment. As the law provides that the note need not be presented to the bank, the payor had no right to act upon the presumption that the bank was the payee's agent, nor to presume that the payment to the bank discharged him from liability. The rule upon which the payor is bound to act is, that the bank is not authorized to receive payment unless the note is lodged with it, for the designation of the place of payment does not bind the payee to present the note at that place, and, as he is under no obligation to do this, something must be added in order to authorize such a payment to be made to the bank as will extinguish the debt. This is well settled by the adjudged cases.

We attach no importance to the clause in the note waiving presentment for payment, for we think the case governed by the general rule, that the designation of a bank as the place of payment does not authorize a deposit at the payee's risk where there is no obligation resting upon him to present the note at the place designated. The waiver clause is inserted, it may not be amiss to say, for the purpose of holding the endorsers, without a presentment for payment, and it does not affect the rights of the makers of a promissory note. It is the law that dispenses with the necessity of presenting the note at the place fixed, and of this law the contracting parties were bound to take notice.

Judgment reversed.

BERKSHIRE, J., did not take any part in the decision of this case.

Filed Oct. 19, 1889.