WINKELMANN, Guardian, Respondent, vs. BRICKERT and another, Appellants.

*January 13 — January 31, 1899.*

*Bills and notes: Payments to supposed agent.*

The purchaser of a negotiable note and the mortgage securing it is not chargeable with payments thereafter made by the mortgagor to a third person who did not have possession of the papers and was not the agent of the purchaser, where the latter did no act authorizing a belief that an agency existed.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Malone & Bachhuber*, and oral argument by *J. E. Malone.*

*Harlow Pease*, for the respondent.

WINSLOW, J. This is an action for the foreclosure of a mortgage upon real estate executed January 29, 1883, and owned by the plaintiff. The sole question in issue between the parties was whether W. T. Rambusch was the agent of the plaintiff during the years 1892 to 1896, inclusive, so that certain payments made during those years by the defendant mortgagors to Rambusch should be credited upon the mort-

---

gage.   The plaintiff bought the note and mortgage July 2, 1892; the note was negotiable, and was not then due.   The purchase was made of the Citizens' Bank of Juneau, through Mr. Hemmy, the cashier, and the plaintiff has had possession of the same ever since.   The defendants thereafter made several payments of interest and instalments of principal to Rambusch, believing him to be the agent of the owner of the mortgage.   He was not such agent, and he converted the moneys to his own use.   The testimony not only shows that Rambusch was not the agent of the plaintiff, but that the plaintiff had never done any act which would authorize any one to think so.   The defendants were grossly negligent in making payments to Mr. Rambusch without production of the note or any proof that he was authorized to receive such payments.   The court held that the agency was not proven, and hence that the payments could not be credited, and the finding is the only one that the evidence would justify.   A more detailed statement of the evidence would not be useful.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.