Bartel vs. Brown.

Bartel, Respondent, vs. Brown, Appellant.

*October 24 — November 7, 1899.*

*Bills and notes: Agency to receive payment: Possession of note: Deposit of money at place of payment.*

1. In order to establish the fact of agency for the collection of commercial paper, rendering payment, to the proper custodian of money at such agency, a discharge of the debt, possession of such paper when due and collectible, or evidence *aliunde* of express authority to the agent, is indispensable.

2. The mere naming in commercial paper of a place for the payment thereof, does not make the proper custodian of money at such place the agent of the owner of such paper to receive such payment.

3. If a person, relying upon the fact that a place for the payment of his note is named therein, deposit there the money to pay the same, such money will remain the property of the payor till the note actually comes into possession of the depositee for the collection thereof, so that, if in the meantime the money be lost, such loss will fall on the depositor, as between him and the note holder.

[Syllabus by Marshall, J.]

Bartel vs. Brown.

APPEAL from a judgment of the county court of Dodge county; J. A. BARNEY, Judge.   *Reversed.*

Action to recover a statutory penalty for failure to discharge a mortgage made by plaintiff August 17, 1894, to W. T. Rambusch, to secure the payment of $1,000 with six per cent. interest thereon payable semi-annually, the due date of the note being October 1, 1897, with a privilege of paying $500 of the principal October 1, 1896.   Both principal and interest were payable at the Citizens' Bank of Juneau, Wisconsin.   The mortgage was assigned to the defendant by the mortgagee through the First National Bank of Beaver Dam, Wisconsin, on the 17th day of March, 1896. The mortgage and assignment were duly recorded.   The facts as detailed were sufficiently alleged in the complaint, together with appropriate allegations to constitute a cause of action to recover the statutory penalty for wrongfully refusing to discharge a mortgage.

The issue formed by the pleadings was as to whether the mortgage debt had been fully paid.   The evidence showed the following facts: Rambusch was president of the bank where the note was made payable.   Prior to the purchase of the note by defendant, plaintiff made one payment of interest to Rambusch.   The case turned on whether Rambusch or the bank was authorized to receive payment on the note from plaintiff at the time the latter deposited the $500 at such bank.   When the note became due, the plaintiff, claiming credit for the $500, tendered to defendant enough more to discharge the balance of the debt, the money being at the time placed on a table during an interview between the parties, and defendant notified that it was his property but that if taken by him plaintiff would expect a satisfaction of the mortgage.   Defendant took the money, declining to give such satisfaction, and plaintiff did not protest or demand a return of such money.   He contented himself by insisting that the $531 was the full amount due defendant and that a satisfaction was due him.

The court submitted the case to the jury for a special verdict, which resulted in findings as follows: Defendant did not notify plaintiff that he held the note and mortgage. All the conditions of the mortgage were complied with prior to the commencement of the action. W. T. Rambusch was agent of the defendant to collect the principal and interest on the note. When plaintiff made the payment to Rambusch or Hemmy, he required them to produce the note. Plaintiff is entitled to recover. There was a motion to set aside the verdict as contrary to the evidence, which was denied and the ruling duly excepted to. Judgment was rendered in plaintiff's favor, and defendant appealed.

For the appellant there was a brief by *Samuel A. Bostwick,* attorney, and *George F. Martin,* of counsel, and oral argument by *Mr. Martin.*

For the respondent there was a brief by *Malone & Bachhuber,* and oral argument by *J. E. Malone.*

MARSHALL, J.  The most important assignment of error presented for consideration is that the court erred in not setting aside the verdict for want of evidence to support the finding that Rambusch was defendant's agent to collect from plaintiff on the note and mortgage. The pretense on the part of respondent that such an agency existed was the basis of his cause of action. The finding to that effect was necessary to the recovery. We will notice in detail the evidence in the record upon which such finding was made.

Harvey, cashier of the First National Bank of Beaver Dam, the bank through which defendant obtained the note, some time after the latter circumstance occurred and prior to the making of the disputed payment, wrote to Rambusch stating the character of the note regarding its due date, in answer to a letter asking for that information. He added a request that if *Bartel* expected to make the optional payment he desired that Rambusch would let him, Harvey,

know a little before. The letter does not indicate authority to Rambusch to receive payments for defendant, even if it were admitted that Harvey had authority to write the letter. The proof is positive and undisputed that he had no such authority. His authority extended no further than to answer the inquiry made by Rambusch as to the due date of the note. In compliance with Harvey's request, Rambusch wrote respondent, wording his letter so as to carry the idea that he was still the owner of the note. The language was, " If you intend to pay the $500 this fall, please let me know a couple of weeks before. It can remain longer if you wish it." The next occurrence between the parties was September 21, 1896, several days before the option date of payment. Then respondent delivered to the Citizens' Bank of Juneau, by direction of Rambusch, who was present, $560, which the cashier placed to the credit of Rambusch. Nothing had occurred for which appellant was responsible to warrant Rambusch in assuming authority to receive the money from plaintiff or to direct the bank to receive it. There was no holding out of Rambusch, by the appellant, as his agent, no circumstance pointing that way, nor any reliance by respondent on the existence or appearance of an agency. The note was not in the possession of the Juneau bank at the time it received the money as aforesaid. It was in the possession of the appellant at Beaver Dam. The jury said that plaintiff required Rambusch and the cashier of the bank to produce the note at the time the $500 was delivered. That finding, on its face, is very misleading. Why the question was submitted, as the evidence stood, is not perceived. If such question, as answered, means that Rambusch and the cashier of the bank were required to produce the note as a condition of the money being paid over to the bank or to Rambusch, it is contrary to the undisputed evidence. If it means that respondent required an assertion from Rambusch that he or the bank had the note, it is in accordance with

the evidence, but of no significance in the case. Possession of a note is evidence of authority to receive payment thereof if it is due; but mere false pretenses of having such possession is no protection to the payor whatever. Now there is left evidence that Rambusch, or the Citizens' Bank of Juneau, forwarded to the First National Bank of Beaver Dam $60 of the money mentioned to apply on interest, which was turned over to appellant, and testimony that appellant admitted having directed Rambusch, in the event of respondent paying any money, to send it to such bank. That evidence does not appear to prove, or tend to prove, that Rambusch was authorized to act as agent for appellant to receive payment on the note. All of the time he assumed to, the appellant to be acting for respondent. While occupying that attitude he was directed, if directed at all, that payment should be made to the Beaver Dam bank. That it was such bank, or its officers, only, that was authorized to receive payment for appellant, is evidenced from the fact that the note and mortgage were kept there. Such fact is so inconsistent with the agency found by the jury, that the only reasonable construction of appellant's admission, if it were made just as respondent's-witnesses claim, is that the money was directed to be paid on behalf of respondent at the Beaver Dam bank. That is what appellant says he did state to respondent. If, in any view of the situation, we could say there was room for a reasonable inference that appellant admitted having directed Rambusch to receive payment on the note for him and send the money to the Beaver Dam bank, it would follow that the case was properly submitted to the jury, and that their finding must stand as a verity in the case. But we cannot say that.

The importance of protecting the holders of commercial paper is so great that to warrant finding that a person who assumes to have authority to receive payment of the principal sum on any such paper, has such authority, possession

of the paper itself by such person, or proof *aliunde* of express authority, is indispensable.    As said by the court in *Smith v. Kidd*, 68 N. Y. 130, "Any other practice would be dangerous in the extreme."   "If money be due on a written security, it is the duty of the debtor to see that the person to whom he pays it is in possession of the security." That is the best evidence of authority.  The payor is negligent if he relies on anything less, and must abide the event of being able to establish, by clear and satisfactory evidence, an express agreement between the holder of the security and the supposed agent, authorizing the latter to represent the former in the transaction.    To that familiar doctrine there are many authorities, a large number of which are collated in Jones, Mortgages, § 964. See, also, *Winkelmann v. Brickert*, 102 Wis. 50.   It seems very clear that there is no evidence in this case to satisfy the rule indicated.

But it is said that the note was payable at the Citizens' Bank of Juneau, and that such circumstance of itself constituted such bank appellant's agent to receive the money on the note.   On the contrary, the rule is that unless the note is at the stated place of payment for the purpose of its collection, which latter fact is not presumed from the mere possession of the paper in advance of the due date, a deposit of the money in, or payment of it to, the proper custodian of money at such place, does not discharge the debt in the absence of clear proof of express authority to receive such money.   Randolph, Comm. Paper, § 1451; *Cheney v. Libby*, 134 U. S. 68; *Bank of Montreal v. Ingerson*, 105 Iowa, 349; *First Nat. Bank v. Chilson*, 45 Neb. 257; *Glatt v. Fortman*, 120 Ind. 384; *Hills v. Place*, 48 N. Y. 520.   The only effect of making a note payable at a particular place is to entitle the payor to the privilege of taking up his paper at such place on the due date thereof.   It implies an obligation on the part of the holder of the paper to deposit it at such place so that such privilege can be exercised.   A failure to perform that obligation, if the payor at the stated

time and place of payment appears ready and willing and of sufficient ability to take up his paper, and offers, but is not allowed, to do so by reason of the absence of the paper or some other cause, relieves such payor from liability for future interest and costs if he keeps his offer to pay good. Independent of possession of the paper for collection at the time and place of payment, as regards the payor's rights the mere naming of such place for payment in the paper has no other significance than that named. *Ward v. Smith,* 7 Wall. 447. The result is that if a payor of commercial paper, before its deposit for collection where made payable, leaves money there to take it up it remains his property till the note is so deposited, and if such money be lost in the meantime the loss will fall on him. *Cheney v. Libby,* 134 U. S. 68.

It is further suggested to support the judgment that the respondent paid $531 on condition of a satisfaction of the mortgage being given in return. It is a sufficient answer to that, as appellant's counsel says, that the amount alleged to have been conditionally paid was due to the appellant. It was not offered as a compromise of a disputed amount, as there was no dispute whatever but that the amount offered was actually due. No part of the disputed amount was paid or offered. The $531 was paid, not as a compromise, but to put respondent in a wrong, rendering him liable to the statutory penalty for failing to satisfy the mortgage. Necessarily, the intention of the appellant was to make an unconditional tender of the amount supposed by him to be due upon the note and mortgage.

So it follows that no cause of action whatever, on any theory, was established against the appellant by the evidence. There was a motion for the direction of a verdict in appellant's favor at the close of the evidence, and it should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.