Merrimack, }
Dec., 1899. }

## DIXON v. GUAY.

The unauthorized receipt of a bank-book by a collecting agent will not oper-
ate as payment of the debt, if the transaction is repudiated by the principal
within a reasonable time after it is brought to his knowledge.

ACTION FOR POSSESSION, under the landlord and tenant act.
Facts found by a referee, as follows: December 1, 1898, the

plaintiff owned the premises in question, and the defendant occupied them at a monthly rental of six dollars per month, payable in advance. At this time she demanded ten dollars per month, which the defendant refused to pay, but did offer her six dollars, which she declined. February 27, 1899, the defendant deposited in the Manchester Savings Bank, in the name of the plaintiff, the sum of twelve dollars, to pay for the January and February rent, taking a book therefor in the name of the plaintiff. On or about March 1, Mrs. Kehoe, a sister of the plaintiff and her agent in this matter, demanded the rent, and the defendant paid her six dollars for the December rent, and gave her the bank-book aforesaid, which she took, saying it was all right. There was no evidence that Mrs. Kehoe had authority to accept anything as payment for rent other than money, and I find she had no such authority, unless implied as a matter of law. I find, however, that this book was accepted by Mrs. Kehoe for the rent. Within a reasonable time the plaintiff returned the book to the defendant, who has since had it, and demanded twelve dollars in money for the two months' rent, which the defendant refused to pay. The plaintiff then served a seven days' notice to quit on the defendant, which was sufficient to entitle her to possession of the premises unless the receipt of the bank-book, as herein stated, shall be held to be payment of rent for January and February, in which event there is to be judgment for the defendant. The court ordered judgment for the plaintiff, and the defendant excepted.

*Sullivan & Broderick*, for the plaintiff.

*David W. Perkins*, for the defendant.

PARSONS, J. " That the power of a collecting agent by the general law is limited to receiving for the debt of his principal that which the law declares to be a legal tender, or which is by common consent considered and treated as money, and passes as such at par, is established by all the authorities. The only condition they impose upon the principal, if anything else is received by his agent, is that he shall inform the debtor that he refuses to sanction the unauthorized transaction within a reasonable period after it is brought to his knowledge." *Ward* v. *Smith*, 7 Wall. 447, 452; *Todd* v. *Reid*, 4 B. & Ald. 210; *Bartlett* v. *Pentland*, 10 B. & C. 760; *Howard* v. *Chapman*, 4 C. & P. 508; Sto. Ag., ss. 98, 413.

*Exception overruled.*

PIKE, J., did not sit: the others concurred.