SPENCE, Respondent, vs. PIEPER and wife, Appellants.

*September 10 — September 25, 1900.*

*Mortgages: Agency to receive payment: Possession of securities: Negligence.*

1. A mortgage was negotiated in the office of R., who carried on a loaning business, and thereafter all payments were made at his office. The owner of the mortgage denied that R. was her agent, and that he was authorized to receive payments of either principal or interest, and none of the receipts given by R. were signed by him as agent. The mortgagor, when he made payments, supposed R. was the owner of the mortgage. At no time when payments were made did R. have possession of the securities. There was no evidence that plaintiff held R. out as her agent, or that he professed

to be such, and the mortgagor was not misled or deceived by ap-pearances, or induced to make any payment to R. because of any act of plaintiff. The greater part of the money so paid to R. failed to reach the plaintiff. In an action to foreclose the mortgage, it is *held* that the evidence — showing the above facts, among others — failed to establish that R. was plaintiff's agent.

2. When the mortgagor, in such case, made payments to R. without having the papers produced or indorsements made in his presence, he was guilty of laches, and is not entitled to have the payments applied on the mortgage.

APPEAL from a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

December 7, 1881, Wilhelm Pieper, defendants' ancestor, executed a mortgage to one C. W. Whinfield to secure the payment of two notes, one for $2,000, payable in instalments of $500 each, on the 1st of May, 1882, and annually there-after; the other for $1,200, due May 1, 1887,— each bearing seven per cent. interest. Pieper died April 8, 1884, and the property mortgaged came to the defendants. Whinfield died April 5, 1885, and the mortgage became the property of the plaintiff. This action is brought to foreclose said mortgage, the balance claimed to be due being $2,400 and interest. The defendants answered, claiming payment of the entire mortgage debt except $200, for which they ten-dered judgment, with interest and costs. Plaintiff had judg-ment for the amount claimed, with interest and costs. Defendants have appealed.

For the appellants there was a brief by *M. L. Lueck* and *J. E. Malone,* attorneys, and *W. H. Timlin* of counsel, and oral argument by *Mr. Timlin* and *Mr. Lueck.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

BARDEEN, J. This is another of those unfortunate cases growing out of the knavery of W. T. Rambusch. The de-fendants claim that they made payments from time to time

upon the mortgage in suit to Rambusch, sufficient to re-
duce the amount due thereon to about $200. The contest is
whether he was plaintiff's agent, and authorized to receive
the payments so made. The fact that certain payments were
made to Rambusch is not denied, and it is equally certain
that the greater part of the money so paid failed to reach
the plaintiff. One of two innocent parties must suffer, and
the question is, which one. The lower court, after a full
hearing, has found for the plaintiff, and, unless we can read-
ily see that such conclusion is erroneous, it must stand. We
appreciate quite fully the importance of the case to the par-
ties interested, and, with that idea in view, have carefully
considered the testimony and the legal questions involved.

There are a few facts in the case which stand out promi-
nent, are not in dispute, and are deemed to be of controlling
weight. Rambusch was the president of a bank at Juneau.
He carried on a real-estate, abstract, and loaning business.
Many people came to him for loans, as the records of this
court show, and not a few were betrayed, as in this case.
The mortgage in suit was negotiated and executed in his
office. All payments that have been made thereon came
through that same office. The plaintiff denies specifically
that he was ever her agent, or authorized to receive any pay-
ments of either principal or interest on this mortgage for
her, and it is insisted that Rambusch was at all times acting
as the agent of the defendants. It is a significant fact to
note in this connection that, of the score or more receipts
offered in evidence by the defendants as showing payments
to Rambusch, not one of them is executed by him as agent.
Again, the defendant testified that he made the payments to
Rambusch as the supposed owner of the mortgage. At no
time when these payments were made did Rambusch have
possession of the note or mortgage. There is no evidence
that the plaintiff ever held him out as her agent, or that he
ever professed to act as such. The defendant was not mis-

led or deceived by appearances, or induced to make any payment to him because of any act of the plaintiff. The real basis of this unfortunate situation is the mistaken assumption by the defendant that Rambusch owned the mortgage. He made repeated payments, and never asked to have the papers produced or indorsements made in his presence. He was guilty of laches, and must suffer the consequences. The case of *Bartel v. Brown*, 104 Wis. 493, is of direct application on this point. "If money be due on a written security, it is the duty of the debtor to see that the person to whom he pays is in possession of the security. That is the best evidence of authority. The payor is negligent if he relies on anything less, and must abide the event of being able to establish, by clear and satisfactory evidence, an express agreement between the holder of the security and the supposed agent, authorizing the latter to represent the former in the transaction." See *Kohl v. Beach, ante,* p. 409, which renders further discussion unnecessary.

Testing the situation presented in this case by the rule thus stated, we agree with the trial court that the evidence fails to establish that Rambusch was plaintiff's agent. However harsh and severe may be the result in this case, we are convinced that any relaxation of the rule would lead to infinite mischief, and open the door to greater frauds.

*By the Court.*— The judgment of the circuit court is affirmed.