**LABOR UNION SAVINGS BANK, Plaintiff**

v.

**JAMES ABEL, Defendant**

Term, 1922

No. 17

District Court of the Virgin Islands

Frederiksted Sub-Judicial District
Saint Croix

June 17, 1921

MCKEAN, *Judge*

December 23rd, 1917, the Labor Union Savings Bank recorded a resolution of its Board of Trustees the material provisions of which are as follows:

"Messrs. R. & A. de Chabert are authorized jointly to collect and give receipt for any amounts falling due, as well as to settle the liabilities of the institution."

Among the Trustees signing this resolution were the defendant and one Alexander Moorhead.

Prior to this time the defendant James Abel on the 14th of January, 1918, at Frederiksted became surety on a promissory note payable to the Labor Union Savings Bank, or order, in the sum of $36.50, three months from the date thereof.

Three years later the defendant paid Alexander Moorhead the sum of $38, for which he received a receipt as follows:

"Oct. 14, 1921

"Received from Mr. James Abel for Mr. Edward Samuel on Acct. of Loan due Labor Union Savings Bank the sum of Thirty-eight $38. Dollars. $38 —

"(Sgd) Alexander Moorhead
Liquidator Labor Union
"10-14-21 Savings Bank."

Said Moorhead did not pay over this money to the Messrs. Chabert. It also appeared that the note sued upon was not produced by said Moorhead when he gave the above receipt.

■ It has frequently been held that the customary and indispensable evidence of apparent authority to collect a promissory note is possession of the instrument. Bartel v. Brown, 104 Wis. 498, 80 N.W. 801; Kohl v. Beach, 50 L.R.A. 600.

■ Furthermore, an implied authority from an agent to collect the principal of a debt evidenced by writing, does not appear when the latter does not have possession of the securities although he had made some collection of interest and principal on different loans. Kohl v. Beach, supra; Ilgenfritz v. Ins. Co., 81 Fed. 27, 31; Ins. Co. v. Bank, 81 Fed. 32.

■ ■ Even the possession of negotiable securities, unindorsed, is not conclusive evidence of authority to receive payment. Mechem, Agency, § 373; Doubleday v. Kress, 50 N.Y. 410, 10 Am. Rep. 502. The burden, therefore, rests on the party making payment to show that the one receiving payment was authorized. Hoffmaster v. Black, 21 L.R.A. (n.s.) 52.

■ In the case in hand such a possession on the part of Moorhead was not shown; and as stated in the cases of Wilson v. Campbell, 110 Mich. 580, and Hollinshead v. Investment Co., 8 N.D. 35, the holder of a negotiable security is alone prima facie entitled to receive the payment.

Nowhere does it appear that the power conferred upon the Chaberts in the instrument recorded at Christiansted, and quoted above, has been revoked. Defendant therefore has failed to prove payment to the party entitled thereto.