Estate of Boyle: Richter, Trustee in bankruptcy, Appellant, vs. McGalloway, Executor, Respondent.

*October 14—November 10, 1936.*

For the appellant there were briefs by *Kelley & Boerner* of Fond du' Lac, and oral argument by *J. L. Kelley*.

For the respondent there was a brief by *John P. McGalloway,* attorney, and *F. A. Foster,* guardian *ad litem,* both of Fond du Lac, and oral argument by *Mr. McGalloway.*

FAIRCHILD, J.    There is no doubt that the placing of $2,125 in Mrs. Boyle's account at the National Exchange Bank in the manner described results in a preference.    It is conceded that no creditor other than a secured or preferred creditor will receive more than a small percentage of his claim out of the bankrupt estate of the Commercial Company.    In order to maintain his claim, the trustee in bankruptcy must show that the preference caused by this payment was a preference of Mrs. Boyle, as well as that the payment is within the terms of sec. 60b of the Bankruptcy Act, 11 USCA, § 96 (b), and therefore a voidable preference.

Here the St. Joseph's Congregation made a payment on its note to the original payee of the note, the Commercial Company.    There is evidence to show that the officers of the congregation knew that the note was no longer the property of

the Commercial Company, and the court below said in its decision:

"It clearly appears that the disbursing officer of the mortgagor knew who was the owner of the mortgage at the time payment in question was made."

But whatever relation between the Commercial Company and the congregation may have resulted, nothing happened to make the Commercial Company the agent of Mrs. Boyle. At any rate, the note had become the property of Mrs. Boyle, and the Commercial Company, so far as she was concerned, was a mere intermediary, having no interest in the note. The note provides that it is payable at the office of the .Commercial Company, but that fact does not make the company the agent of Mrs. Boyle, the purchaser of the note. *First National Bank & Trust Co. v. Vegel,* 215 Wis. 359, 367, 254 N. W. 537. The congregation intrusted its money to the Commercial Company to pay over to Mrs. Boyle. Because grounds for claiming the existence of a debtor-creditor relation between Mrs. Boyle and the Commercial Company do not exist, there is no foundation for the claim that the preference was for her benefit. If Mrs. Boyle was not benefited by the transfer of funds to her, it would follow that the payment may not be recovered from her.

If the maker of a note pays money due on it to one who has express authority from the holder to receive payment, the maker is, of course, discharged of that part of his debt. If, however, he pays to one who has no express authority, it is well settled in Wisconsin that authority may be implied only where the person receiving payment has the note in his possession. *Bartel v. Brown,* 104 Wis. 493, 80 N. W. 801. If there is neither express nor implied authority, the maker pays at his own risk. The case of *Weigell v. Gregg,* 161 Wis. 413, 154 N. W. 645, modified the rule where the receiver of the payment is a trust company. It was held in that case that, because trust companies are authorized by law to act "as agent . . . for the . . . collection of . . . notes,"

and because "it has become customary in the business world to . . . leave it to the trust company to collect principal and interest on loans purchased from it," authority to receive payment might be implied from the fact that the trust company was the original payee, and that the trust company had extended the time of payment of the note as agent for an undisclosed principal. But the exceptional case of the trust company is not the one in hand. *Bautz v. Adams,* 131 Wis. 152, 111 N. W. 69, holds that, although express authority must be shown where the one receiving payment does not have possession of the note, it is not necessary that such authority should appear in writing or be established by direct evidence, but it may be established by circumstantial evidence. In that case, there was a course of dealing carried on for more than ten years with regard to several notes. The facts in the case in hand are not sufficient to show express authority.

Payment, here, to the Commercial Company, did not constitute payment of the note until the money had been received by Mrs. Boyle. After the money had been paid to the Commercial Company, it was debtor to St. Joseph's Congregation; its actual obligation was to the mortgagor, not to Mrs. Boyle. The Commercial Company, acting for the congregation, paid the $2,125 out of funds to which its creditors would have a right in bankruptcy, after having devoted the precise funds received to other purposes. But this was no concern of Mrs. Boyle. She received her money and credited the congregation with its amount. Had this money not been paid to her, she would still have had a right against the congregation for the amount. The congregation was solvent. She gained no advantage by the payment to her out of funds of the Commercial Company. The payment to Mrs. Boyle described in the claim and in the evidence was not as to her a preference, and therefore cannot be recovered from her under the terms of sec. 60b of the Bankruptcy Law, 11 USCA, § 96 (b).

*By the Court.*—Judgment affirmed.