COMMERCIAL CREDIT COMPANY *v.* SEYMOUR NATIONAL BANK, ADMINISTRATOR.

[No. 15,772. Filed June 1, 1938. Rehearing denied June 29, 1938. Transfer denied September 28, 1938.]

*Willson & Willson, Ralph Bamberger, Isidore Feibleman, Julian Bamberger* and *Harold W. Jones,* for appellant.

*Thomas D. Stevenson* and *James F. T. Sargent,* for appellee.

KIME, J.—Upon a stipulation of facts trial was had to the court, resulting in a judgment in favor of the appellee. The following gives the factual background necessary to a decision.

The appellant was engaged in buying automobile paper. To procure working capital a trust was established March 21, 1930. The City Trust Company, for a consideration, became trustee of certain conditional sales contracts and notes owned by appellant for the purpose of guaranteeing the payment of a series of notes executed and sold by the appellant. James M. Shields, a mature and experienced businessman, purchased one note of a series due September 17, 1930, and made no presentment for payment until shortly before October 2, 1933, the date of the filing of the complaint herein, when the note was presented to the appellant for payment. The appellant paid to the trustee the money represented by said note on or prior to maturity date thereof under the terms of the trust agreement.

The complaint was in the ordinary form seeking recovery on the following note:

$2,500.00   Series F   No. 24   Due Sept. 17, 1930.
COMMERCIAL CREDIT COMPANY
Indianapolis, Indiana
COLLATERAL TRUST NOTE

March 21, 1930.
Six months after date we promise to pay to the bearer at City Trust Company, Indianapolis, Indiana,
Two Thousand Five Hundred and no/100 Dollars. For Value received without any relief from Valuation or Appraisement Laws with interest at eight per cent per annum from maturity until paid; with attorney's fees. The drawers and endorsers waive presentment for payment, protest, notice of protest and non-payment of this note. *This note is one of a series of 24 notes* aggregating the sum of $60,000.00 designated as the series above named,

equally and ratably secured by 125% of approved collateral deposited with City Trust Company, Trustee, *under the provisions of a certain trust indenture between the maker hereof and the trustee,* dated March 21st, 1930, and the holder hereof, together with the other holders of notes of this series, are entitled to all the benefits accruing to said note holders under the terms of said indenture. This note to be valid must bear the Trustee's certificate of authentication.

COMMERCIAL CREDIT COMPANY.

By Samuel B. Walker, Pres.

Attest: Harry Nicoli, Sec'y.

*We hereby certify this note is one of the series designated secured by the indenture of trust mentioned herein.*

CITY TRUST COMPANY, Trustee,

By E. W. Davey, Ass't Treas."

(Our italics)

The complaint was answered in four paragraphs, first, general denial; second, a plea of payment; third, pleading payment by reason of compliance with the trust agreement, and fourth, pleading the transaction. Replies in general denial to the three last mentioned answers closed the issues.

The error here is presented by an assignment that the court erred in overruling the motion for a new trial, the grounds of which were that the decision is contrary to law and that it is not sustained by sufficient evidence.

It is apparent from the note and conceded by the appellee that the purchaser was *charged with notice* of the terms of the trust agreement. It hardly need be said that the trust agreement and the note must be considered as one instrument.

There is but one question, to wit: Whose agent was the trustee at the time the money was paid to it by appellant?

Pertinent parts of the trust agreement provided, as the agreed statement of facts shows, that conditional

sales contracts and notes belonging to appellant, equal in value to 125% of the $60,000.00 were placed in the hands of the trustee "for the equal pro rata benefit, security and protection of the several persons or corporations who shall be or become holders of any of the notes issued," for the punctual payment of the same; that the notes to be issued should be executed by the appellant and presented to the trustee for certification; and that the notes so executed and certified should be delivered to the appellant or its order. The appellant further agreed that *it should and would pay to the trustee, for the holders of the notes secured* by the trust the sum of $10,000.00, on or before the 21st day of April, 1930, and a like sum on or before the same day of each calendar month thereafter for the period of six months. "Said amount so paid to the trustee by the company shall be applied by the trustee on the payment of the notes secured hereby in the order of their maturity;" that the payment by the appellant to the trustee in the month specified prevented interest accruing thereafter on the notes; and that the compensation of the trustee hereunder should be paid by the purchaser of the notes except in case of default, when such compensation shall be chargeable to the appellant, in accordance with such trust agreement.

Twenty-four notes in the above sum were prepared, executed, certified, and delivered on the order of the appellant to City Securities Company, an affiliate of the trust company. These notes were sold to various persons and no record was kept of the purchasers thereof by the appellant and the appellant had no knowledge that the note in suit was held by Shields, the decedent of whose estate appellee is administrator.

All of the provisions of the trust agreement were performed and on or before September 17, 1930, when the above note became due, appellant paid to the trustee

$10,000.00, which was the final payment under such trust agreement and which $10,000.00 was paid to the trustee in payment of that series of notes of which the note in suit was one.

At the time of the final payment the trustee released all collateral held by it to the appellant. The note as above indicated was at no time deposited with the City Trust Company or the City Trust Company, Trustee, for collection or any other purpose and on October 23, 1930, thirty-six days after the maturity date of the note herein mentioned the City Trust Company went into the hands of a receiver.

It is appellee's theory (which was evidently adopted by the trial court) that it is the law in Indiana that when the maker of a note delivers the amount of it to a bank, where it is payable, such delivery does not constitute payment unless the bank is also agent of the payee and that it is not the agent of the payee unless it holds the note for collection. To sustain that position the appellee has cited three Indiana cases, *Glatt* v. *Fortman* (1889), 120 Ind. 384, 22 N. E. 300; *Dillingham* v. *Parks* (1904), 30 Ind. App. 61, 65 N. E. 300; *Kerbaugh* v. *Nugent* (1911), 48 Ind. App. 43, 95 N. E. 336. Such is the rule in Indiana but the appellee fails to distinguish between depositing money with a bank and depositing money with a trustee under a specific trust agreement. The agreement here provided that the appellant should pay and it did pay to the trustee, the money for the holders of the notes at a specific time. The note on its face fully informed the holder that he was dealing with the maker of the note through the agency of a trust established for the holder's particular benefit; and that the trustee was holding approved collateral to guarantee the payment of such note. The holder of the note here was not only a mature, experienced business man but had purchased securities of this.

nature before and knew that it was customary for the trustee to receive such payments for the holders of such notes, and furthermore he was also charged with the knowledge that the trust agreement so specifically provided. The provisions of the note together with the trust agreement constituted the holder's contract with the maker and the trustee, the conditions of which were accepted by the holder at the time of the purchase of the note by him. The contract specifically gave authority to the trustee to receive payment for the holders of the notes. When the maker thereof fully complied with all the terms of the agreement and paid over to the trustee the moneys required thereunder, its obligation was at an end. The money was not deposited with the City Trust Company as a bank but was paid to the City Trust Company, trustee, for the specific purpose of the trust and it then became the property of the holder of the note and was being held by the trustee in trust for the holder. The money was the specific property of the holder of the note. The City Trust Company, trustee, was the agent for the holder of the note. See: *Morley* v. *U. of Detroit* (1934), 269 Mich. 216, 256 N. W. 861; *Crosthwaite* v. *Moline Plow Co.* (1924), 298 Fed. 466; *Hall* v. *Goldsworthy* (1932), 136 Kan. 247, 14 Pac. (2d) 659.

Consequently the decision is contrary to law. The facts being stipulated, there is no necessity for a new trial. The trial court is instructed to enter judgment for appellant that the appellee take nothing by its action.