CITIZENS SAVINGS BANK v. LYNCH

(117 S. E., 715)

1. PLEADING—ALLEGATION OF COMPLAINT ADMITTED TRUE BY DEMURRER.
—Allegations of a complaint are admitted to be true by a demurrer thereto.

2. PLEADING—DEMURRER TO COMPLAINT ALLEGING WRONGFUL CANCELLATION OF MORTGAGE ON RECORD HELD PROPERLY OVERRULED.—A demurrer to a complaint in effect admitting allegations that defendant, by indorsement of bond and mortgage, bound himself to pay same, and by his wrongful act in thereafter canceling the mortgage on record damaged plaintiff, *held* properly overruled.

Before W. C. COTHRAN, Special Judge, Florence May 1922. Affirmed.

Action by Citizens Savings Bank of Timmonsville against J. C. Lynch. From an order overruling demurrer to the complaint, defendant appeals.

*Messrs. McNeill & Oliver,* for appellant cite: *Right of assignee to proceed against mortgagor not affected by cancellation of mortgage on record by its assignor:* 14 S. C., 66; 60 S. C., 216; 110 S. C., 99; 87 A. S. R., 742; 2 Jones Mtgs., Par. 957. *No right of action against assignor of bond unless he has guaranteed payment:* 27 Cyc., 1309; 2 N. & McC., 285; 1 Bay, 389; 7 Rich. L., 12; 91 S. C., 13; 12 Rich. L., 31; 3 McC., 236; 30 S. C., 358.

*Messrs. Arrowsmith & Muldrow,* for respondent.

May 31, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Hon. W. C. Cothran, special judge, overruling a demurrer interposed by defendant to the complaint in this cause, and the exceptions challenge the correctness of this order.

The demurrer admits the truth of the allegations of the complaint. Allegations 8 and 9 of the complaint are:

"VIII. That by indorsement upon the said bond and mortgage the defendant, J. C. Lynch, bound himself, his executors and administrators for the full payment of the said indebtedness according to the true intent and meaning of the said bond and mortgage.

"IX. That on or about the 25th day of January, 1916, the said J. C. Lynch, without the knowledge or consent of the plaintiff, executed to the said A. M. Hill full receipt, satisfaction, and cancellation of the said mortgage, and which has been entered upon the face of the mortgage or the record thereof in the office of the clerk of court of common pleas for Florence County."

It will be seen that the allegation is that the defendant by indorsement of bond and mortgage, bound himself to pay the same, and by his wrongful act in cancelling the mortgage on record damaged the plaintiff.

The demurrer was properly overruled, and the exceptions are overruled, with leave, however, to either party to make A. M. Hill a party to this suit, in order that there may be a complete determination of all the issues involved, if they may be so advised.

Judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. JUSTICE COTHRAN: I concur upon the further ground that the assignor impliedly engaged not to collect the mortgage; that if he did so he would become a trustee for the assignee. His satisfaction of the mortgage was an acknowledgment of the trust.