WILSON v. BRABHAM *ET AL.*

(119 S. E., 829)

1. MORTGAGES—SUBSEQUENT MORTGAGEE NOT ENTITLED TO RELY ON SATISFACTION PIECE EXECUTED BY PRIOR MORTGAGEE AFTER UNRECORDED ASSIGNMENT OF MORTGAGE.—Where, when agent of subsequent mortgagee examined the record, he found an unsatisfied prior mortgage in favor of bank, which mortgagor claimed had been paid, agent prepared a satisfaction piece which bank executed, notwithstanding that it had previously assigned the unsatisfied mortgage to an innocent purchaser, who failed to have the assignment recorded, and the agent did not require a production of the alleged satisfied mortgage or satisfy himself that the mortgage

---

Note: On rights of assignee of mortgage as against *bona fide* purchasers or encumbrancers relying on apparent discharge of mortgage by mortgagee, see note in 15 L. R. A. (N. S.), 1025.

had not been assigned, *held* that the mortgage assigned to the innocent purchaser had priority.

On Petition of People's Bank for Rehearing.

2. MORTGAGES—MORTGAGEE EXECUTING SATISFACTION PIECE AFTER ASSIGNMENT OF MORTGAGE LIABLE TO SUBSEQUENT MORTGAGEE.—Where, after a bank had assigned a prior mortgage to an innocent purchaser, it executed a satisfaction piece, and thus enabled mortgagor to secure another mortgage on the same property from plaintiff, in case the land is insufficient to pay both mortgages the bank is liable to plaintiff for any deficit up to the amount paid on the assigned mortgage.

Before MEMMINGER, J., Bamberg, January, 1923. Affirmed.

Action by George W. Wilson against Martha Brabham, Alma B. Barr, and the People's Bank. Judgment for plaintiff, and defendants appeal.

The Master's report is as follows:

"This is an action started by the complaint of the plaintiff for the foreclosure of a real estate mortgage executed by the defendant, Martha Brabham, to the defendant, People's Bank, dated January 12, 1918, payable October 15, 1918, given to secure her bond of even date, and assigned October 13, 1918, by the said People's Bank to this plaintiff. In the beginning the defendant, People's Bank, was not made a party. The defendant, Mrs, Alma B. Barr, was made a party on account of two mortgages over the same piece of property described in the plaintiff's mortgages, said two mortgages hoving been given to secure bonds of the same respective dates, and executed by the said defendant, Martha Brabham, to the said defendant, Mrs. Alma B. Barr, the one bearing date December 23, 1919, and the other March 8, 1920. Later for good cause shown as will be recited hereafter this Special Master issued an order making the said defendant, People's Bank, a party; due process was then obtained upon said Bank, which has come in and pleaded its cause, first by a demurrer, which was overruled by this Court, later by its answer and testi-

mony offered in its behalf. The defendant, Martha Brabham, is in default.

"From the evidence and testimony I find the following facts: The plaintiff's mortgage was executed on the date set out above, and properly assigned to this plaintiff for full value on the date set out above. The assignment is executed on the mortgage itself and has never been recorded. More than a year later, or in December, 1919, the defendant, Martha Brabham, applied to the defendant, Mrs. Alma B. Barr, for a loan on the place, and represented that the said mortgage had been paid. Mrs. Barr's attorney requested the original paper from Martha Brabham, who claimed that it was at home, but could not be found after a search by her at the attorney's instigation. A complete satisfaction of the said mortgage was then prepared on a separate sheet of paper, and executed by the People's Bank as the original mortgagee, dated December 5, 1919, and was recorded on the face of the record of the mortgage before Mrs. Barr took either of her mortgages. The People's Bank was, therefore, made a party, because both the plaintiff and the defendant, Mrs. Barr, maintained that it had committed a wrong injurious to their rights in satisfying a mortgage which it neither owned nor held at the time, but had previously assigned, and was, accordingly, liable to the junior mortgagee, for any deficiency between the amount the property might bring at sale and the amount due the said junior mortgagee, after paying the taxes, costs, and amount due senior mortgagee. The bank offered a defense of no liability. The evidence is clear and uncontradicted that the plaintiff's mortgage is still outstanding, and that the president of the People's Bank made a mistake when he executed the satisfaction in question. Mrs. Barr's contention, however, is that her mortgages should be held first and second, and plaintiff's third, because she relied upon the recorded satisfaction, and plaintiff put it in the power of the bank or made it possible for the bank to exe-

cute the satisfaction by not recording his transfer. The only questions at issue then are: Which mortgage is a prior lien on the property? and should the People's Bank be held liable to the junior mortgagee for any deficiency in case the proceeds from the sale of the property are insufficient to pay all mortgages in full?

"After comprehensive arguments by counsel for all parties concerned, careful consideration of the facts and the case as a whole, including a thorough review in my own mind of the authorities cited, I am unable to sustain the contention of Mrs. Barr, and am convinced that all decisions of our Supreme Court bearing at all on this question tend under such circumstances to place her mortgages second and third to that of the plaintiff herein, and that the greater weight of authority is to the effect that Wilson's mortgage is entitled to priority as a first lien over the property in question, and Mrs. Barr's mortgages rank second and third in accordance with their respective dates of December 23, 1919, and March 8, 1920, and I so hold.

"It is an elementary principle which has been repeatedly determined by our Courts, and is agreed upon in this case that an assignment of a mortgage is not required by law to be recorded. Mrs. Barr, however, contends upon the equally well-settled doctrine that, where one of two innocent parties must suffer by wrong of another, equity places that burden upon the one who makes it possible for the wrong to be committed. I cannot agree, however, that Wilson's failure to record his assignment was sufficient negligence in itslef to preclude his rights. The mortgagor testified that her husband transacted her business, and Wilson took up his mortgage for him; certainly it was not incumbent upon Wilson to further notify her of his ownership of the papers. And I am not prepared to say that Wilson was bound to assume that the very party who assigned the mortgage to him might later execute its so-called satisfaction. In view of our laws and equity principles, it

appears to be dangerous businesss to accept a mortgage satisfaction without the production of the mortgage itself. This is exactly what Mrs. Barr did. And, in my opinion, she relied too much upon the word of the mortgagor. There is no testimony that anybody ever approached the People's Bank for an investigation of the whereabouts of the first mortgage. Mrs. Barr could have done this, but she simply allowed Martha Brabham herself to present a satisfaction on a separate sheet of paper, which the bank obligingly executed for her without question, seeing from its books that it was not further interested. Of course, this was clearly an innocent mistake on the bank's part with no intentional wrong to any one, and was, in this instance, signed in good faith beyond a shadow of a doubt. But I can conceive of instances where gross fraud could be perpetrated by an unscrupulous mortgagor and banker or other original mortgagee, under similar circumstances, if it were held in this case that Wilson's mortgage be now relegated to the background. Mrs. Barr could have gone further; she could have advertised for the purpose of ascertaining the correct facts as to this outstanding mortgage, and, along with the other usual expenses, the mortgagor would have been obliged to stand for this. In the absence of these additional precautions she could have declined the loan, but, unfortunately, she failed to follow either course, and acted simply upon the statement of the negress, Martha Brabham, mortgagor, that the debt was paid, and the paper at home or lost, and upon the alleged satisfaction of the bank which she allowed Martha Brabham to procure without any investigation by Mrs. Barr or her attorney. No blame whatever can be attached to Mrs. Barr's attorney, who advised her in the transaction, because he did just what other reputable lawyers are doing daily, and this unfortunate situation would hardly arise once in a thousand cases.

But, nevertheless, it remains true that, in my opinion, in view of our statutes relating to the satisfaction of mort-

gages of record and the decisions of the Courts of last resort, Mrs. Barr is not entitled to a priority, and, to my mind, the case of *Williams & Company against Paysinger,* reported·in 15 S. C., page 171, is conclusive of the question, and the astute counsel for Mrs. Barr failed even to offer any distinction, and I think could not offer any, between that case and the one at bar. In the case of *Cook against the Bank,* 110 S. C., 99, the Court, it seems to me, followed the precedent laid down in *Williams & Co. v. Paysinger,* fully, but counsel attempts to make a distinction in the Cook Case from the present case by arguing that because Mrs. Barr called upon Martha Brabham for the original mortgage, and required her to search for same, that was all that could be expected of her in that respect. I do not adher to that contention, and I fail to understand how she could expect anything else from Martha Brabham, if the said Martha Brabham was practicing a fraud upon her, and I believe, as a matter of fact, that Martha Brabham knew all along that the Wilson mortgage was outstanding against her.

"Now, with this much settled upon, it remains a certainty that, if the property when sold does not bring enough to pay all three mortgages in full, then the defendant, People's Bank, has unquestionably caused Mrs. Barr a loss, because the testimony shows that had Mrs. Barr known of the outstanding mortgage her loans would not have been made. There is also no question that the said bank was negligent and committed a gross wrong, and that wrong resulted in the injury to Mrs. Barr. To my mind, it matters not whether the bank had the right legally and equitably to satisfy a paper then beyond its control or not. Its wrongful acts were sufficient to justify Mrs. Barr in the belief that it had the right to satisfy the mortgage in question; she quite naturally acted upon the same, and to her detriment, if the property does not bring enough to pay her, and she is entitled to the relief against the bank for

which she asks. And my findings and holdings are accordingly.

"I, therefore, recommend that the plaintiff have judgment against the defendant, Martha Brabham, for the sum of $207.50, and costs; that the defendant, Mrs. Alma B. Barr, have judgment against the defendant, Martha Brabham, for the total amount above found due on her two mortgages, the sum of $583.57, and costs; that if the proceeds of the sale of the said property be insufficient after paying all taxes on same, the costs and expenses of this action and the plaintiff's judgment, to pay Mrs. Barr's judgment in full, then the said Mrs. Alma B. Barr, defendant, should have leave to enter up judgment against the said People's Bank, defendant, for the balance so due to her. I further recommend that said mortgages be foreclosed, and the property covered in same be sold by the Acting Master for Bamberg County, the proceeds of the sale to be applied to the payment of any taxes which may be due on said property, to the costs and expenses of this action, and the payment first of the mortgage debt and judgment of the plaintiff, George W. Wilson, including the attorney's fees as aforesaid, and next to the payment and satisfaction of said judgment and two mortgage debts due to the said defendant, Mrs. Alma B. Barr, including the attorney's fees as aforesaid; and the balance, if any there should be, to be paid to the defendant, Martha Brabham, as her interest may appear."

The decree of Circuit Judge R. W. Memminger follows:

"I heard this case at Bamberg upon exceptions to Acting Master Brabham's report. I have had the papers with me for some time, my attention, in the meanwhile, being called to other pressing matters.

"I have now had an opportunity of reading all of the testimony and other papers and going carefully over the Master's report. His findings of fact seem to me well founded in the testimony and his conclusions of law inevitable.

19—S. C.—126.

"The gross negligence of the bank in giving a satisfaction of a mortgage which it was neither the owner nor holder of, but had sold to another person, was the proximate cause of the loss, which thereby must come to the one or the other of two innocent persons, and the true test as to which must be the loser is as to which was the most negligent. The plaintiff purchaser was not required by law to record the assignment to him. The borrower, afterwards finding an open mortgage to the bank, was not complying with the law in taking a satisfaction on a separate sheet of paper and without proof that the bank was the proper one from whom to get a satisfaction; because the law requires that the satisfaction must be from the holder and owner of the instrument.

"The Acting Master has gone more specifically into these matters. His report will be considered as incorporated herein. The report is, therefore, confirmed; and it is so ordered."

Exceptions of People's Bank are as follows:

"1. That his Honor, the presiding Judge, erred in overruling the demurrer of the People's Bank to the answer of the defendant, Mrs. Alma B. Barr. It being respectfully submitted that the grounds of the demurrer were well taken, and that the demurrer should have been sustained and the action dismissed as to the People's Bank.

"2. That his Honor, the presiding Judge, erred, it is respectfully submitted, in affirming the Master's report, wherein the Master held that, if the proceeds derived from the sale of the mortgaged property be insufficient, after paying all taxes on the same, the costs and expenses of the action and the plaintiff's judgment, to pay the judgment of the defendant, Mrs. Alma B. Barr, then the said Mrs. Alma B. Barr should have judgment against the People's Bank for the balance so due her. It being respectfully submitted that under the facts in the case the People's Bank is not liable for any amount, and in no event could the

People's Bank be held for a greater amount than the amount owing on the plaintiff's mortgage."

*Mr. E. H. Henderson,* for Mrs. Alma B. Barr, appellant, cites: *Rule where one of two innocent parties must suffer:* 110 S. C., 110; 22 S. C., 348; 27 Cyc., 1318. *Notice to husband of mortgagor of assignment not binding on mortgagor:* 28 S. C., 216. *Party has right to rely on recorded satisfaction:* 22 S. C., 339. *Having used proper diligence to locate original mortgage appellant justified in accepting satisfaction piece from bank:* 107 U. S., 480; 58 A. S. R., 714; 42 Am. Rep., 173; 23 L. R. A., 326; 3 A. S. R., 655; 17 N. W., 778; 5 L. R. A. (N. S.), 412; 15 L. R. A. (N. S.), 1030; 27 Cyc., 1303, 1318. *Plaintiff estopped:* 35 S. C., 385; 27 Cyc., 1303. *Rights of assignee:* Code Proc. 1912, Sec. 161; 5 C. J., 934; 28 S. C., 217; 56 S. C., 313; 14 S. C., 621; 27 Cyc., 1315.

*Messrs. Carter, Carter & Kearse* for People's Bank, appellant.·

*Mr. R. P. Bellinger,* for George W. Wilson, respondent, cites: *Recording assignment where not required is no notice:* 19 R. C. L., 135. *Satisfaction not effective:* 19 R. C. L., 133; 60 S. C., 216; 15 S. C., 171; 110 S. C., 99. *No negligence for failure to record assignment:* 2 Jones, Mortgages, 957; Hill, Mortgages, 517; 102 S. E., 328; 5 S. C., 346; 3 S. C., 25; 14 S. C., 66; 110 S. C., 99.

November 5, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for foreclosure of a mortgage given by the defendant, Martha Brabham, to the defendant, People's Bank, to secure the payment of a bond for $150.00, dated January 12, 1918, due October 15, 1918, recorded on the day of its execution, and assigned by the People's Bank on October 13, 1918, to the plaintiff, George W. Wilson.

The facts are sufficiently stated in the Master's report.

The authorities are in hopeless conflict upon the question whether or not a subsequent mortgagee can rely upon a satisfaction by the mortgagee of a prior mortgage, duly entered on the record, after having assigned such prior mortgage to an innocent purchaser.

The cases maintaining the affirmative of this question are based upon the ground that a subsequent mortgagee, who has acquired an interest in the property, without notice of the rights of a holder of the outstanding prior mortgage, while the record shows a regular discharge of the mortgage by the prior mortgagee, should be protected, rather than such equitable assignee of the mortgage, who could have prevented the loss to the second mortgagee by giving notice to the mortgagor of the assignment and recording it.

On the other hand, it is maintained that the mortgagee who has assigned the mortgage had no power to mark it satisfied; that such satisfaction is simply a fraud, and that the *bona fide* assignee, being a stranger to such fraudulent transaction, should not suffer by it; that the law does not require him to extend any notice of his assignment or to have it recorded; and that he cannot be charged with negligence in failing to do what the law does not require. See 1 Jones, Mortgages, § 956a, where the conflicting authorities are cited.

Without undertaking to decide the question as if presented upon a plain case of a subsequent mortgagee relying upon the record of a satisfaction by the prior mortgagee, the facts of this particular case justify the conclusions of the Master, confirmed by the Circuit Judge. When the agent for Mrs. Barr examined the record, he found an open mortgage in favor of the People's Bank; inquiring of the mortgagor, he was told that the mortgage had been paid; she was requested to produce it, made a search for it, could not find it, and so reported to the agent; her husband transacted business for her, and she

thought he had paid it; the agent then prepared a satisfaction piece which the mortgagor presented to the bank, and it was executed; it was then recorded, and the mortgages in question were executed. It thus appears that the loss to Mrs. Barr has occurred mainly by the confidence which her agent reposed in the statements of the mortgagor and of the bank, without requiring a production of the alleged satisfied mortgage, or satisfying himself that the mortgage had not been assigned.

Assuming, without deciding that Wilson, the assignee, was negligent in not having his assignment recorded, the conduct of the agent of Mrs. Barr certainly contributed to the result.

It may not be amiss to quote the language of 1 Jones, Mortgages, § 956 (6th Ed.) :

"There can be no question that utility and convenience demand that the registry laws should cover assignments of mortgages as well as other conveyances. But the protection secured by registration is wholly the creation of Statute, and if the Statute does not require an assignee to record his assignment, he is not guilty of negligence on failing to do so."

In reference to the exceptions of the Bank, the Court is satisfied with the conclusions of the Master.

Let the Master's report and the Circuit Decree be reported.

In addition to the authorities cited by the Master, see *Singleton v. Singleton,* 60 S. C., 216, on page 235; 38 S. E., 462. *Bank v. Lynch* (S. C.), 117 S. E., 715.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

ON PETITION OF PEOPLE'S BANK FOR REHEARING

*Per Curiam.* Upon consideration of the same it is ordered that the opinion heretofore filed be modified by adding therto the following:

Exception 2 of the defendant Bank is sustained to the following extent: The judgment in favor of Mrs. Barr for such deficiency of her mortgage debt, as may result from the foreclosure sale, for which she is authorized to enter judgment against the People's Bank, is limited to the amount which is directed to be paid to the plaintiff, Wilson, upon the mortgage foreclosed in this action, together with all costs that may be awarded to him.    Stay revoked.