### MORRIS v. CARLISLE

(122 S. E., 511)

1. ESTOPPEL—MORTGAGOR PAYING PRINCIPAL TO AGENT AUTHORIZED BY HOLDER TO RECEIVE INTEREST ONLY, CANNOT SET UP ESTOPPEL IN THAT HOLDER MADE LOSS POSSIBLE.—Where bank sold a note and mortgage before maturity to plaintiff, who authorized bank president to accept payment of interest, *held*, that the loss resulting from payment of the principal to him must be borne by mortgagor rather than plaintiff; the rule of estoppel by having made loss possible not being applicable to plaintiff.

2. PRINCIPAL AND AGENT—AGENT AUTHORIZED TO COLLECT INTEREST HAS NO IMPLIED AUTHORITY TO COLLECT PRINCIPAL.—Authority to collect interest on a mortgage as it falls due carries no implied authority to collect principal.

3. MORTGAGES—PAYMENT IS AFFIRMATIVE DEFENSE.—In an action to foreclose a mortgage, payment is an affirmative defense, to be proved by mortgagor.

Before FEATHERSTONE, J., Laurens, June, 1923. Reversed.

Action by Miss M. A. Morris against W. K. Carlisle. Judgment for defendant and plaintiff appeals.

*Messrs. G. H. Geiger* and *J. M. Padget,* for appellant, cite: *Agency:* 21 R. C. L., 868; 18 S. E., 125; 118 S.

---

Note: On estoppel of principal to deny authority of agent who was not in possession of securities to receive payment, see note in 23 L. R. A. (N. S.), 414, and L. R. A. 1916B, 860.

E., 817; 43 S. E., 395. *Payment of note:* Daniel on Neg. Instr. 3rd Ed. Par., 1233-A. 1 Jones Mortgages Sec. 955; 110 S. C., 484. *Innocent purchaser:* 103 S. C., 340. *Authority of agent:* 2 C. J., 563, 626. *Assignment:* Wiltsie Mtgs. Sec. 92; 27 Cyc., 1318; 50 L. R. A., 83. *Cancellation of mortgage:* 110 S. C., 99; 15 S. C., 171; 97 S. C., 136. *Secondary evidence:* 52 S. C., 530. *Negligence:* 97 S. C., 74. *Estoppel:* 10 R. C. L., 692-3; 694, 761. *He who makes fraud possible must bear the loss:* 92 S. C., 529.

*Messrs. Dial & Todd,* for respondent, cite: *Protection against subsequent holder for value in paying negotiable note:* 21 L. R. A. (N. S.), 53; 84 S. E., 423; 15 S. C., 174; 88 N. W., 653; 19 R. C. L., 358; 29 R. L. A. (N. S.), 577; 41 L. R. A. (N. S.), 462; 8 C. J., 599. *Authority of Agent:* 59 L. R. A., 294; 135 A. S. R., 62. *Conclusions of referee should stand:* 102 S. C., 358; 117 S. C., 454.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to foreclose a mortgage. The mortgagor borrowed $1,000 from the People's Bank of Anderson on January 14, 1916, and gave his promissory note for $1,080, payable in 12 months from date. This note was secured by a mortgage of real estate. A few days after the note and mortgage were executed they were assigned for full value to Miss M. A. Morris by the bank. Mr. Holleman, the president of the bank, acted for Miss Morris in the collection of interest. Miss Morris would take the securities to the bank when the payments of interest were made, and Mr. Holleman would indorse the payments upon the note. The mortgagor was accustomed to pay the interest to Mr. Holleman. One year the mortgagor did not pay the interest, but Mr. Holleman made out a check for the interest and signed the check in the name of the mortgagor. Of this

action the mortgagor at first complained, but afterwards withdrew his objection. This continued for four years. The mortgagor then sent to the bank $600 by his wife, who turned over the money to Mr. Holleman as president of the bank. Some time afterwards he sent by his wife $480. The mortgagor had no notice of the assignment. At some time, the record does not show when, the mortgagor demanded possession of the note and mortgage. Mr. Holleman said he did not have the mortgage; that he had filed it for record, and it had not been returned; and gave to the mortgagor a letter to the Clerk of Court requesting him to deliver the mortgage to the mortgagor. The bank got into financial trouble; Mr. Holleman died, and Mr. Vandiver was made president in his stead. The mortgagor then demanded a satisfaction of the mortgage, and a satisfaction was written out on a separate piece of paper and entered on the records. After this was done Miss Morris demanded payment, and when it was refused this action was commenced. The defendant pleaded payment to Miss Morris through her agent, Mr. Holleman.

The case was referred to a special master, who is a
1, 2 lawyer of large experience and great ability, who held
that Mr. Holleman was the agent of Miss Morris to collect the interest and principal, and by her negligence she had made the loss possible, and under the well-known principle that, where one of two innocent people shall suffer loss, that one must suffer who has made the loss possible. The Circuit Judge affirmed the findings of the Master in a short order, that was simply an order of affirmance, so we will discuss only the Master's report.

The basis of the Master's finding that Mr. Holleman was the agent of Miss Morris to collect the principal is by no means clear from the record unless it is the law that an agent to collect the interest due on a note is as a matter of law the agent to collect the principal. We have been cited

to no South Carolina authority on the subject, and we can find none. In 2 Corpus Juris, p. 621, we find:

"The fact that an agent is authorized to receive installments of interest as they become due on a note or other obligation does not give him implied power to collect the principal."

When the note and mortgage were assigned to Miss Morris they were delivered to her, and she carried them home with her. She became uneasy about their safety at home and carried them back to the bank, and they, with other papers, were kept there for awhile; but Miss Morris says: "All the time they were in bank they were under my absolute control." There is nothing in the record to show that at the time the payments were made, the securities were even in the vault of the bank, or that if they were there they were accessible to the officers of the bank.

Payment is an affirmative defense, and must be proven. If the mortgagor relies upon payment to an agent, he must show real or apparent authority to receive payment. It is not claimed that there was any real authority, and apparent authority is based solely upon the agency to collect interest. Receiving interest and calling in a loan are very different. Miss Morris says the papers were always under her control. The uncontradicted evidence is that Mr. Holleman said he did not have them when they were demanded of him. Mr. Vandiver said he did not have them and could not find them after search. In what respect was Miss Morris negligent? She bought a negotiable paper before it was due. She kept it under her control until suit was brought, and only appointed an agent with power to collect interest. It is true she did not notify the mortgagor that she was the owner, but she was under no legal or other obligation to give such notice. It is said Miss Morris trusted Mr. Holleman. So did the mortgagor. The mortgagor's whole case depends upon the negligence of Miss Morris in trusting Mr. Holleman, whom he trusted; and every one else trusted, the record

shows until his bank got in trouble, and the succeeding president still thinks he was honest. Miss Morris does not seem to have put implicit trust in Mr. Holleman. She knew that there was carelessness at the bank, so she kept the securities under her control all the time.

The mortgagor borrowed $1,000 from a bank and gave his negotiable note for it. He is charged with knowledge that the bank might sell or rediscount it. He knows that his note, payable in 12 months, is three years past due, and no demand has been made for payment or renewal. That indicated great carelessness on the part of the bank, or that it no longer held his note and mortgage among its securities. He at first claimed that he had paid the note by check, and that he owed the bank no other notes. Both of these statements proved to be mistakes. The mortgagor claims to have sent $600 at one time and $480 at another time by his wife, from one town to another, in cash. They took no receipt for the money, nor was there a demand to see the note so as to be assured of the possession as evidence of ownership or the right to collect the principal. When there was a demand for the surrender of the note and mortgage, they were told that the mortgage was still in the possession of the Clerk of the Court for record. That might apply to the mortgage, but the note was not for record, and upon inquiry it was found that the mortgage had been returned to the bank. The Master is justified in finding:

"On the point of payment, the testimony of Mr. and Mrs. Carlisle is shrouded in considerable suspicion from the fact that they both testified that they did not owe the bank any other notes at the time of this payment, while as a matter of fact they did owe other notes before and after the said payment, and from the fact that they had been using the said bank as their depository and generally used checks on the said bank for the payment of their obligations, and from the further fact that Mrs. Carlisle was somewhat confused as to the time that she demanded the papers and the time

when Mr. Holleman delivered to her the letter to Clerk of the Court to turn over the mortgage to Mr. Carlisle."

Remember, the burden of proof is on the mortgagor to prove payment. We will not disturb the finding by the Master, concurred in by the Circuit Judge, that the money was paid to Mr. Holleman. The conclusion, however, that Miss Morris was more negligent than Mr. Carlisle is overruled, because we find no evidence of negligence on the part of Miss Morris, and it is evident that the mortgagor was very negligent.

The negligence which caused the loss here was the negligence of Mr. Carlisle, the mortgagor, and he must bear the loss. See *Wilson v. Brabham*, 119 S. E., 829.

The judment appealed from is reversed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.