## 11742

### BACOT v. SOUTH CAROLINA LOAN & TRUST CO.

#### (127 S. E., 562)

1. PRINCIPAL AND AGENT—FACTS HELD NOT TO REQUIRE FINDING OF IMPLIED AUTHORITY TO COLLECT PRINCIPAL OF LOAN.—That agent acted for principal, in receiving interest on loan involved from mortgage, *held* not to require finding of implied authority to collect principal of loan.

2. PRINCIPAL AND AGENT—THAT AGENT NEGOTIATED LOAN DOES NOT GIVE HIM IMPLIED AUTHORITY TO RECEIVE PAYMENT.—That agent negotiated a contract or loan gives him no implied authority to receive payment, unless he has possession of the evidence of the indebtedness.

3 PAYMENT—PRINCIPAL AND AGENT—PAYMENT IS AFFIRMATIVE DEFENSE; IF PAYMENT MADE TO AGENT, HIS AUTHORITY TO RECEIVE MUST BE SHOWN.—Payment is affirmative defense required to be proven, and, where payment to agent is alleged, agent's authority to receive payment must be shown.

4. PRINCIPAL AND AGENT—WHEN RULE IMPUTING AGENT'S KNOWLEDGE TO PRINCIPAL IS INAPPLICABLE STATED.—Rule imputing to principal agent's knowledge is inapplicable where agent's knowledge was acquired while acting for himself or a third person, not the principal, or where the knowledge is such that agent would certainly conceal it, or was acquired by agent while acting for himself or another in an adversary relation to his principal.

5. PRINCIPAL AND AGENT—AGENT'S KNOWLEDGE OF PAYMENT TO HIM ON INDEBTEDNESS DUE PRINCIPAL HELD NOT IMPUTABLE TO ONE, FOR WHOM HE PROCURED ASSIGNMENT OF DEBT.—Where agent, who had

negotiated loan and received part payment on principal of debt, which he had not reported to his principal, acting for a third person in procuring an assignment of such debt by the principal, *held* agent's knowledge of payment received by him prior to assignment was not imputable to assignee, for whom he had acted in procuring assignment.

6. ASSIGNMENTS—ASSIGNMENT OF NONNEGOTIABLE SECURITY IS WITHOUT PREJUDICE TO DEBTOR'S RIGHT OF SET-OFF.—Assignment of nonnegotiable security is without prejudice to any set-off or other defense which debtor was entitled to assert at time or before notice of assignment.

7. PRINCIPAL AND AGENT—IT IS DUTY OF ONE DEALING WITH AGENT TO EXERCIES DUE CARE IN DETERMINING SCOPE OF AGENT'S AUTHORITY.—It is duty of one dealing with agent to exercise care in determining scope of agent's authority.

8. PRINCIPAL AND AGENT—IT IS DUTY OF DEBTOR MAKING PAYMENT TO AGENT TO SEE THAT HE HAS POSSESSION OF EVIDENCE OF INDEBTEDNESS.—It is duty of debtor making payment to agent to see that he has possession of evidence of indebtedness.

Before JOHNSON, J., Charleston, April, 1924.   Affirmed.

Action by Thomas N. Bacot against South Carolina Loan & Trust Company as Administrator of Eugene C. Opdebeeck.   From a decree for defendant plaintiff appeals.

*Mr. Lee Royall,* for appellant, cites: *Attorney agent for lender:* 83 S. C., 526. *Assignee of bond and mortgage takes subject to proper credits:* 22 S. C., 9; *and subject to equities between original parties:* 38 S. C., 138. *Apparent agency of attorney:* 28 S. C., 217; 96 S. E., 719. *Subsequently ratified:* 122 S. C., 490. *Burden on respondent to prove that Kroeg was not his agent:* 92 S. C., 42. *Adoption of agency in part adopts it in whole:* 34 S. C., 539. *Limiting previous authority not binding on party dealing with agent without notice:* 56 S. C., 139. *Payment to agent is payment to principal:* 53 S. C., 163; 105 S. C., 305; 82 S. C., 175. *Where agent acts for both parties to loan both are chargeable with notice received by him:* 91 S. C., 487. *When agency is matter of law:* 104 S. C., 157; 36 S. C., 10; 113 S. C., 285; 56 S. C., 320; 81 S. C., 161; 13 S. C.,

5. *Relation of attorney and client existed until death of the attorney:* 1 McC. Ch., 524.

*Messrs. Buist & Buist* and *William L. Cain,* for respondent, cite: *One cannot become agent of another by his own act:* 39 S. C., 525; 21 S. E., 444. *Nor can agency be proved by declaration of agent:* 89 S. C., 470; 72 S. C., 251; 69 S. C., 327; 17 S. C., 139; 3 Brev., 475; 97 S. C., 148. *Authority to collect interest does not imply authority to collect principal:* 81 S. E., 949; 68 N. Y., 130. *Party dealing with agent must ascertain scope of agency:* 284 Fed., 806; L. R. A., 1918-F, 713. *Proof of agency:* 31 Cyc., 1643. *Exceptions based on facts not appearing in record are objectionable:* 100 S. C., 265; 95 S. C., 441; 94 S. C., 324.

April 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action by the plaintiff, Bacot, to enforce satisfaction of a mortgage, alleged to have been discharged by payment and tender of payment, and for recovery of the statutory penalty provided by section 5225, vol. 3, Code 1922. The defendant denied that the mortgage debt had been paid, alleged breach of the conditions of the mortgage, and prayed foreclosure. From a decree of the Circuit Court, confirming the master's report in favor of the defendant, the plaintiff appeals.

A. A. Kroeg, referred to in the arguments of counsel as an attorney and dealer in insurance and in bonds and mortgages, arranged a loan of $1,100 from C. L. A. Jagar to Thomas Bacot, evidenced and secured by a bond and real estate mortgage, dated March 5, 1919. Thereafter, on January 10, 1920, Jagar sold and assigned the bond and mortgage to Eugene Opdebeeck, who paid therefor the sum of $1,100. Prior to the assignment to Opdebeeck, and subsequently thereto, Bacot paid to Kroeg amounts, aggregating $1,061.43, of which the sum of $180 was paid prior to the assignment by Jagar to Opdebeeck. Kroeg paid to the own-

ers of the bond and mortgage interest on the full principal of
the bond, between June 10, 1919, and January 17, 1922;
but no part of the principal received by him was paid either
to Jagar or to Opdebeeck. Kroeg died, and both the plaintiff
and Opdebeeck appear to have filed claims against his estate
on account of the sums paid to him on account of the bond.
At the trial Opdebeeck testified that in the matter of the
assignment of the bond and mortgage Kroeg "made the
loan for" him, but that he had never authorized "any one to
collect payment on the principal." There was evidence tend-
ing to establish that Kroeg had made 11 other loans for
Opdebeeck. It does not appear that at the times the various
payments were made by Bacot, through his agent, to Kroeg,
or at any time after the execution and delivery thereof,
Kroeg had possession of the bond and mortgage, nor does
it appear that Bacot ever received notice of the assignment
to Opdebeeck.

All of the appellant's exceptions, save one, are directed to
the contention that, in the state of facts above set out, the
Circuit Court committed error of law in sustaining the
master's finding of fact that Kroeg was not the agent of
Opdebeeck in receiving from Bacot "payments on account
of his bond." That contention, as we interpret counsel's
argument, is rested upon the doctrine of implied authority;
that is, that the authority of Kroeg to collect the payments
on the bond is to be implied from the previous course of
dealing between the parties, or from such conduct on the
part of Opdebeeck as will under the circumstances work
against him an equitable estoppel. 2 C. J., 576, § 218.

Granting that a question of implied authority is to
be determined from no one fact, but from all the
facts and circumstances for which the principal is
responsible, and that, under all the facts and circumstances
of this case, a finding of fact that Kroeg had implied au-
thority might possibly have been warranted, a contrary
concurrent finding of fact by the master and Circuit Judge

cannot be held erroneous as a matter of law. The only facts tending to establish that Kroeg was actually the agent of Opdebeeck and from which his authority to act for Opdebeeck in collecting the principal of the bond could be implied, were the facts that he represented Opdebeeck in making this and other loans and acted for him in receiving the interest from the mortgagor. That those facts do not as a matter of law require the conclusion that Kroeg had implied authority to collect the principal of the loan is well settled.

"The fact that an agent makes or negotiates the contract, such as the negotiation of a loan, gives him no implied authority to receive payment thereunder, unless he has possession of the evidence of indebtedness." 2 C. J., 621, § 258. "The fact that an agent is authorized to receive installments of interest as they become due on a note or other obligation does not give him implied power to collect the principal," etc., 2 C. J., 621, § 257.

In the recent case of *Morris v. Carlisle,* 128 S. C., 417; 122 S. E., 511, where a bank, through its president, Holleman, sold and assigned a note and mortgage to Miss Morris, and Holleman had thereafter collected the interest for Miss Morris, Carlisle, the mortgagor, also paid or claimed to have paid the principal to Holleman. In reversing a finding of the Circuit Court that Miss Morris was bound by the acts of Holleman as her agent in collecting the principal, this Court (Mr. Justice Fraser) said:

"Payment is an affirmative defense, and must be proven. If the mortgagor relies upon payment to an agent, he must show real or apparent authority to receive payment. It is not claimed that there was any real authority, and apparent authority is based solely upon the agency to collect interest. Receiving interest and calling in a loan are very different. Miss Morris says the papers were always under her control. * * * She kept it under her control until suit was brought, and only appointed an agent with power to collect interest. It is true she did not notify the mortgagor that she was the

owner, but she was under no legal or other obligation to give such notice. It is said Miss Morris trusted Mr. Holleman. So did the mortgagor. The mortgagor's whole case depends upon the negligence of Miss Morris in trusting Mr. Holleman, whom he trusted, and every one else trusted," etc.

Applying the foregoing principals, it is sufficiently apparent that the facts of this case do not require the legal conclusion that Kroeg was the agent of Opdebeeck, with implied authority to collect the principal of the bond.

The doctrine of apparent or ostensible authority is not, as we understand appellant's argument, invoked to sustain his contention. But the application, or attempted application of that doctrine or rule would not, as we apprehend, require a different view or conclusion. See 2 C. J., 573, 574, §§ 212, 213; Id., 626, § 263. *Morris v. Carlisle, supra.*

The only other question raised (exception 4) is 4, 5 whether Opdebeeck is bound and estopped by Kroeg's knowledge at the time of the assignment of the bond and mortgage by Jagar that Bacot had already paid to Kroeg for application on the principal of the mortgage debt assigned the sum of $122.25. The contention is that, according to Opdebeeck's own statement, Kroeg acted for him in the matter of this assignment, and that the knowledge of Kroeg as Opdebeeck's admitted agent in that transaction is imputable to his principal. But the rule imputing to the principal the agent's knowledge is not applicable where the knowledge of the agent was "acquired while acting for himself or for a third person and not for the principal, * * * or where the knowledge is such that, according to human nature and experience, the agent is certain to conceal, or where the agent is acting in an adversary relation to the principal, * * * or some third person in his own interest which would be defeated by disclosure." *Wardlaw v. Oil Mill,* 74 S. C., 374; 54 S. E., 658; 114 Am. St. Rep., 1004. *Knobelock v. Bank,* 50 S. C., 290; 27 S. E., 962. *Akers v. Rowan,* 33 S. C., 473; 12 S. E., 165; 10 L. R. A., 705.

That the knowledge of Kroeg, acquired while acting for himself or for Bacot or Jagar, cannot be imputed to Opdebeeck in a translation in which Kroeg was agent, was interested adversely to his principal in perpetrating a fraud upon the principal and others, is obvious.

6      The point made in argument, but not distinctly raised by the exceptions, that Opdebeeck took the bond and mortgage subject to the credit of $122.25 which Kroeg had collected on the principal of the bond, then owned by Jagar (*Moffat v. Hardin*, 22 S. C., 9), is likewise untenable. Unquestionably the assignment of this non-negotiable security was without prejudice to any set-off or other defense which Bacot, the mortgage debtor, was entitled to assert at the time of, or before notice, the assignment; that is, Opdebeeck acquired no higher rights against Bacot, the mortgagor, than Jagar, the assignor, had. But Bacot's right, as against Jagar, to have the bond credited and reduced by the amount which had been paid by Bacot to Kroeg prior to the assignment, depending, as it does upon whether Jagar was bound by Kroeg's acts as his agent, is even less satisfactorily established than Bacot's claim based upon the alleged agency of Kroeg for Opdebeeck subsequent to the assignment. There is no evidence to warrant a finding that at the time of the assignment Bacot was entitled to the credit or set-off claimed as against Jagar, the holder of the bond and mortgage, on account of his payments to a person not shown to have been the authorized agent of Jagar.

7, 8      We are not inadvertent to the consideration that the facts make a case of peculiar hardship for this plaintiff. But in conformity to settled principles of the law, grounded in reason and sound public policy, among others, that it is the duty of one dealing with an agent to use due care to ascertain the scope of the agent's authority (*Colt v. Britt* [S. C.], 123, S. E., 845), and that it is "the duty of the debtor * * * to see that the person to whom he pays it is in possession of the security." (*Smith v. Kidd,*

68 N. Y., 130; 23 Am. Rep., 157. *Bartel v. Brown,* 104 Wis., 493, 497; 80 N. W., 801), the evidential facts do not warrant us in declaring erroneous the conclusion of the lower Court, that the consequences of this plaintiff's misplaced confidince in Kroeg should not be charged to and visited upon the owners and holders of the bond and mortgage.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.