12127

MILES v. FELKEL

(137 S. E., 329)

APPEAL · AND ERROR—APPELLANT, ALLEGING ERROR IN CONCURRENT
   FINDINGS OF FACT BY MASTER AND CIRCUIT JUDGE, HAS BURDEN OF
   PROOF.—In mortgage foreclosure suit, concurrent findings of fact
   by both Master and Circuit Judge for defendant impose on plain-
   tiff, appealing from decree, burden of proving error.

Before MEMMINGER, J., Charleston, June, 1925. Af-
firmed.

Mortgage foreclosure suit by Adeline J. Miles against
W. J. Felkel. Decree for defendant, and plaintiff appeals.
Affirmed.

*Messrs. Miller, Huger, Wilbur & Miller,* for appellant,
cite: *Authority to collect interest, no authority to collect
principal unless agent in possession of mortgage papers:* 122
S. E., 511; 127 S. E., 563; 133 S. E., 834. *Effort to re-
cover of agent on unauthorized contract no bar to recovery
against person with whom agent dealt:* 5 C. C. A., 474; 12
U. S. App., 281; 58 Fed., 203; 9 Grant. Ch., 446; 135 S.
W., 1004; 48 A. S. R., 400; 56 N. W., 663. *Ratification:*
21 R. C. L., 928; 36 S. C., 384; 21 R. C. L., 923; 104 S.
E., 31.

*Messrs. J. D. E. Meyer and A. R. McGowan,* for respon-
dents, cite: *Question not raised in trial Court not con-
sidered on appeal:* 31 S. C., 147; 54 S. C., 223; 107 S. C.,
369; 117 S. C., 516; 128 S. C., 344. *Same, cannot be ar-
gued as error:* 45 S. C., 381. *Restricted to same issues:* 67
S. C., 456; 123 S. C., 399. *New grounds not considered:*
94 S. C., 366; 75 S. C., 25; 114 S. C., 332; 127 S. C., 266;
90 S. C., 513. *Questions not embodied in exceptions, same:*
105 S. C., 100; 45 S. C., 57; 84 S. C., 181. *Same, not
reciting basic facts:* 45 S. C., 494. *Same, nonassignment
error:* 114 S. C., 323. *Where evidence to support findings*

*Supreme Court should affirm:* 133 S. E., 834; 133 S. E.,
452.

December 20, 1926.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

Plaintiff brought action for foreclosure of a mortgage of
real estate. In his answer, the defendant alleged certain
payments on the mortgage debt to one Kroeg, agent of
plaintiff. These payments were denied by plaintiff; she
contending that Kroeg was not her agent. By consent of
the parties, the cause was referred to F. K. Myers, Esq.,
one of the masters in equity for Charleston county. The
master found the facts to be as contended by the defendant.
The plaintiff excepted, and the masters' report was con-
firmed by the Circuit Judge, Hon. R. W. Memminger, now
deceased.

Since the defendant has in his favor concurrent findings
as to the facts by both the master and circuit Judge, the
burden is upon the plaintiff, as appellant, to satisfy the
Court that there was error as to these findings. This the
appellant has failed to do.

The legal issues involved in the cause are identical with
those already passed upon by the Court, in *Cogswell v.
Cannady,* 135 S. C., 365; 133 S. E., 834.

It is the judgment of this Court that the exceptions be
overruled, and that the decree of Judge Memminger be
affirmed.

MESSRS. JUSTICES WATTS and STABLER, and MR. ACTING
ASSOCIATE JUSTICE RAMAGE, concur.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE COTHRAN (dissenting) : It is proposed, in
the opinion of Mr. Justice Blease, to affirm the decree of the
circuit Judge in this case, which allows the defendant credit
for payments made by him to A. A. Kroeg, upon the prin-
cipal of the debt before it became due, on the ground that:

"the defendant has in his favor concurrent findings, as to the facts, by both the master and circuit Judge"; and it is also declared:

"The legal issues involved in the cause are identical with those already passed upon by the Court in *Cogswell v. Cannady,* 135 S. C., 365; 133 S. E., 834."

With deference, I differ with the learned justice upon both of these propositions. The facts of the case are not in dispute; the issue is the conclusion which should be drawn from these admitted facts; clearly an issue of law and not of fact.

It appears that on May 3, 1921, the defendant negotiated a loan from the plaintiff, through one Kroeg, an attorney in Charleston, of $1,250. He executed a bond and mortgage for that amount directly to Mrs. Miles, who was then Adeline J. Doscher. The bond was dated May 3, 1921, due May 3, 1922, with interest from date at 8 per cent. per annum payable quarterly. Felkel paid to Kroeg the quarterly interest, $25 (on $1,250, at 8 per cent.), at each of the installment periods of August 1, 1921, and November 1, 1921, for which Kroeg duly accounted to Mrs. Miles, as of September 27th and November 24th. On October 31, 1921, Felkel paid to Kroeg $250 on the principal of the bond, and on January 31, 1922, $120; neither of which payments were remitted by Kroeg to Mrs. Miles. It will be noted that both of these payments were made before the bond fell due on May 3, 1922.

Kroeg died on February 6, 1922, not having collected the interest installment due on February 1, 1922. After the death of Kroeg, Mrs. Miles learned of the payments which had been made by Felkel to Kroeg, and on April 5, 1922, wrote the following letter to Felkel:

"You are hereby advised that, beginning with the next quarterly payment of interest on your bond and mortgage, on May 1, 1922, all payments on same on account of interest

or principal are to be made at. my residence, 105 Broad street, corner of King."

Thereafter Felkel made payments on account of both principal and interest directly to Mrs. Miles, and at the commencement of the action (omitting the payments on principal made by Felkel to Kroeg) there appeared to ·be due upon the debt $647.52. The contest is over the two payments, $250 on October 31, 1921, and $120 on January 31, 1922.

The case was referred to F. K. Myers, Esq., master, who filed a report in favor of the defendant as to these payments, allowing him credit therefor, which report was confirmed in a formal order of his Honor Judge Memminger. The plaintiff has appealed.

It is highly important to observe the grounds upon which the report of the master is based. They are: (1) That the payments of the quarterly interest, due August 1, 1921, and November 1, 1921, were made by Felkel to Kroeg, and accounted for by Kroeg to Mrs. Miles; (2) that, after the death of Kroeg, Mrs. Miles notified Felkel, that thereafter all payments on account of principal and interest should be made to her; (3) that Mrs. Miles filed a claim against the estate of Kroeg for the unremitted collections on the principal, which had been made by Felkel to Kroeg.

There is not the slightest dispute as to the facts stated in these grounds; all of them are specifically admitted by the plaintiff and established beyond the shadow of a doubt by the evidence. It seems clear to me that the master's conclusion from them, "I therefore find that the plaintiff cannot at this time deny that such payments were made to and held by the said A. A. Kroeg as her agent," is essentially a matter of law and not of fact. That conclusion is therefore open to review by this Court, uninfluenced by the fact that the master and the Circuit Judge have concurred therein.

It is hardly necessary to cite authorities upon the proposition that, in an equity case, a conclusion of law from con-

ceded facts presents an issue of law, reviewable by the appellate tribunal. Reviewing, then, the conclusion of law which the master arrived at, from the admitted facts:

As to the first ground: It has been uniformly held by this Court that the authority of an agent to collect the interest upon an obligation due to his superior does not imply authority to collect the principal or any part of it, except in cases where such authority may be implied from the possession of the obligation. *Morris v. Carlisle,* 128 S. C., 417; 122 S. E., 511. *Bacot v. Trust Co.,* 132 S. C., 340; 127 S. E., 562. In the latest case upon the subject (*Cogswell v. Cannady,* 135 S. C., 365; 133 S. E., 834) the Court said:

"Again, these cases are authority for the view that an agent may have the right to collect the interest without like right to collect principal."

In addition to this, the collections in part of the principal were made before the debt matured. The authorities cited by the writer in his dissenting opinion, in the case of *Land v. Reese,* 136 S. C., 267; 134 S. E., 252, are full to the point that, even where the agent is authorized to collect the principal when it becomes due, he has no authority from that fact to collect it, or any part of it, before maturity. The point does not appear to have been considered, in the majority opinion, in that case. The first ground, therefore, as a matter of law, does not support the conclusion of the master, or tend to do so.

As to the second ground: After the death of Kroeg, and Mrs. Miles had learned that the collections had been made by Kroeg on account of the principal which was not then due, on April 5, 1922, she notified Felkel that thereafter all payments on account of either principal or interest should be made to her personally. The master has inserted the word "further," which does not appear in the letter of Mrs. Miles to Felkel, and draws the conclusion that that ratified the other payments which had been made. Without that word,

the letter strikes me as being a repudiation of the collections made by Kroeg, and a precaution against a further complication in the event of collections being made by his personal representative. It appears, too, that this letter was written after Felkel had learned that the payments had not been applied to his mortgage and his inquiry of Mrs. Miles as to his future course.

As to the third ground: The legal effect of the filing of a claim against the estate of Kroeg for the unremitted collections has been fully discussed by the writer in his dissenting opinion in the case of *Miles v. Gadsden,* a companion case with the present one, and the discussion need not be repeated here.

It is significant to observe the attitude of Felkel in reference to the effect of his payments. He, too, filed a claim against the estate of Kroeg for these collections, and under oath states:

"That deponent is entitled to have the foregoing amount of $350 (it should have been $370) credited on his said bond and mortgage, and that he is informed and believes that the said Adeline A. Doscher (Mrs. Miles) has not received any part of said amount, and that the said A. A. Kroeg held the same in trust"; in my opinion a very just conclusion. If so, what possible objection could there be to Mrs. Miles pursuing her remedy against the estate of Kroeg, as a beneficiary, without in the slightest degree affecting her remedy against Felkel?

In his report the master says:

"The plaintiff claims that such payments as were received by Kroeg and not accounted for to her were held by Kroeg for her account."

If, as Fekel alleges in his filed claim, Kroeg "held the same in trust," he held it in trust for Mrs. Miles. The master's statement of the plaintiff's contention must therefore be true, but it by no means follows that the plaintiff has thereby ratified the unauthorized collection. It is the

ground upon which Mrs. Miles had the right to pursue the estate of Kroeg for what he had received in trust for her.

I think, therefore, that the decree of the Circuit Court should be reversed and that the case should be remanded to that Court for further proceedings consistent herewith.