1215

FIRST PALMETTO STATE BANK AND TRUST COMPANY, Respondent
v. A. Wilson SIMKINS, Appellant.

(372 S. E. (2d) 592)

Court of Appeals

*John W. Foard* and *Joseph C. Coleman,* Columbia, *for appellant.*

*Donald E. Rothwell,* Columbia, *for respondent.*

Heard May 18, 1988.

Decided Aug. 29, 1988.

SHAW, Judge:

Respondent, First Palmetto State Bank and Trust Company, (hereinafter First Palmetto), sued appellant, A. Wilson Simkins, for judgment on a promissory note. Simkins answered and counterclaimed for damages alleging conspiracy to defraud. The trial judge granted First Palmetto's motion for dismissal to the counterclaim and, following a nonjury trial, found in favor of First Palmetto. Simkins appeals. We affirm.

In March of 1985, Joel Hendrix, owner of the adult book store Carolina Amusements, contacted Rick Bradley, a vice president of First Palmetto, to procure a loan to finance the purchase and installation of videotape equipment. Hendrix requested that the manager of his book store, Harry Olsen, be allowed to sign a $55,000 promissory note for the funds, and Bradley agreed. Subsequently, Olsen went by First Palmetto and signed the note. Bradley neither looked into Olsen's financial situation nor had Olsen fill out a financial

statement as it was understood between Bradley and Hendrix that Hendrix through the book store would make the payments.

Bradley never recorded the Olsen note in bank records, but kept it on his desk. When he later learned Olsen was going to jail, Bradley contacted Hendrix and informed him someone else would have to sign the note. As a result, in May of 1985 Simkins, at Hendrix's behest, went to First Palmetto and signed the note sued on in this action. Bradley then destroyed the Olsen note. The Simkins note was given to discharge the Olsen note. Bradley testified the note was filled out and he believed Simkins looked over it before he signed it. No payments were made on the note.

Defendant Simkins answering: in his First Defense admits the execution of the note and admits that no payments were made; in his Second Defense he asserts want of consideration; in his Third Defense he asserts failure of consideration; in the Fourth Defense he asserts no valid agreement; in his Fifth Defense he asserts that the note was created and used solely to cover up embezzlement prohibited by public policy. He then proceeds to allege as a defense a counterclaim asserting fraud and deceit on the part of the plaintiff bank acting by and through its Vice-President Bradley. In his counterclaim he seeks damages for mental anguish, cost of defending this law suit, damages to his reputation, and cost of satisfying any judgment which might grow out of this action.

In this appeal there are two basic issues for consideration: (1) Did the trial judge err in granting judgment in favor of the plaintiff? and (2) Did the trial judge err in dismissing the counterclaim under SCRCP Rule 12(b)(6)?

Patently the plaintiff is entitled to judgment as a matter of law based on admissions in the First Defense unless the judge erred in dismissing the counterclaim.

Section 36-3-408 South Carolina Code of Laws, 1976 provides:

> Want or failure of consideration is a defense ..., *except* that no consideration is necessary for an instrument or obligation thereon given in payment of or as security

for an antecedent obligation of any kind. (emphasis added).

The official comment to this section notes that the "except" clause is intended to remove the difficulties which have arisen where a note is given as payment for a debt already owed by the party giving it or a third person. *See Farmers and Merchants Bank v. Fargnoli,* 274 S. C. 23, 260 S. E. (2d) 185 (1979) ("Under the Uniform Commercial Code, consideration is not necessary for an instrument which secures an antecedent obligation.").

As to dismissal of the counterclaim, we agree with the trial judge when he held that knowledge of the bank's agent Bradley could not be imputed to the bank.

Assuming, without so deciding, that Vice-President Bradley and Hendrix conspired to defraud the bank, it is patent from the pleadings that defendant Simkins was a party to the fraud. In dismissing the counterclaim the judge was entitled to consider the allegations of the other defenses. In the defendant's Answer, we find the following:

> The signing of the blank note form by Simkins was never intended by either the plaintiff or the defendant to create an indebtedness or to constitute a promissory note.

> \* \* \* \* \* \*

> Almost two months later, on May 8, 1985, Rick Bradley, in conspiracy with one Joel Hendrix, now deceased, persuaded the defendant Simkins to sign the subject promissory note form—ostensibly as a personal favor to Joel Hendrix. Simkins had no knowledge as to the use to which the note was to be put.
> The note form was signed by Simkins in blank, later filled in by Rick Bradley, and used for the purpose of covering up the earlier criminal misuse of the Bank's funds to pay for equipment sold to a business owned by Bradley and Hendrix.

From a reading of the entire Answer, it is patent that defendant Simkins, in signing the note, was acting not on behalf of Bradley or the bank but on behalf of Hendrix and/

or Olsen.

In *Crystal Ice v. First Colonial*, 273 S. C. 306, 257 S. E. (2d) 496 (1979) our Supreme Court said:

> It is well established that a principal is affected with constructive knowledge of all material facts of which his agent receives notice while acting within the scope of his authority. [cites omitted]. An equally well-recognized exception to this general rule exists in situations where the agent is acting fraudulently against his principal or for any other reason has an interest in concealing his acquired knowledge from his principal. 3 Am. Jur. (2d), Agency § 282; 3 C. J. S. Agency § 434. However, the view has been expressed that an agent's fraud cannot alter the effect of his knowledge to his principal with respect to third persons who had no connection with the fraud. See Restatement, Agency (2d Ed.), § 271; 3 Am. Jur. (2d), Agency, § 282. We conclude this reasoning constitutes the better view and apply it here, where appellant Shealy had no knowledge that any fraud was being perpetrated. In so holding, we overrule the reasoning expressed in *Bacot v. S. C. Loan & Trust Co.*, 132 S. C. 340, 127 S. E. 562 (1925); *Ex Parte Mercer*, 129 S. C. 531, 125 S. E. 33 (1924); *Farley v. American Surety Co. of New York*, 182 S. C. 187, 188 S. E. 776 (1936): *Eskew v. Life Ins. Co. of Virginia*, 190 S. C. 515, 3 S. E. (2d) 251 (1939), and similar decisions.

Even under the new rule, plaintiff is entitled to prevail as a matter of law because it is inescapable that defendant Simkins was connected with the alleged fraud.

The Order of the trial judge is accordingly

Affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.